*C. Baker* and *M. S. Johnson*, for the State.

---

## NELSON v. HART, Administrator, and Others.

A creditor of a decedent's estate in the prosecution of his claim against the administrator, cannot join the widow and heirs as defendants.

The administrator represents their interest in the estate, and he is bound to make all necessary defense to the claimant's demand.

The fact that if they are not parties they may be witnesses, is no reason for making them parties.

Nov. Term,
1856.

NELSON
v.
HART.

Monday,
December 8.

In this case the demurrer of the widow and heirs for misjoinder is sustained, but the demurrer of the administrator for the same cause is held bad, and the suit as to him ordered to proceed.

APPEAL from the *Putnam* Court of Common Pleas.

DAVISON, J.—This suit was instituted by *Willis Nelson* against *William S. Hart*, the administrator, *Elizabeth Nelson*, the widow, and *Catherine J. Nelson* and others, the heirs at law of *Moses Nelson*.

The complaint is as follows: *James Nelson*, the father of *Willis Nelson*, died in the year 1818, at *Nicholas* county, *Kentucky*, leaving personal estate worth 1,400 dollars, to which *Willis*, who was then two years old, was entitled as his only heir. *Moses Nelson*, *Willis's* uncle, took possession of said estate, and also took *Willis* into his family to raise and educate; but the services which *Willis* subsequently rendered to *Moses*, fully paid for his support and education. No letters of administration were ever taken out on the estate of *James Nelson;* but some time after the death of *James*, *Moses* was, by the Court in said county, appointed the guardian of *Willis*, and as such, falsely represented to said Court that 200 dollars, and no more, had come to his hands. When *Willis* arrived at age, *Moses*, by fraudulently representing that 200 dollars was all that had come to his hands, induced him, *Willis*, to receive that sum with interest, for which he gave *Moses*, as his guardian, a receipt in full. The fraud of *Moses* was not discovered until shortly before the commencement of this suit; and *Hart*, his administrator, though specially requested to do so, has refused to settle the claim, &c.

The widow and heirs demurred to the complaint, and for cause alleged—1. The facts stated are insufficient, &c. 2. They are not liable to be sued as heirs of *Moses Nelson*, deceased, unless assets have come to them from their ancestors. 3. They cannot be joined in the action with the administrator. And the administrator demurred as follows: 1. Misjoinder of defendants. 2. That he is not liable to be sued in this form, for debts due

from the estate. The Court sustained the demurrers.
And the plaintiff having declined in any manner to
amend the complaint, judgment was given against him.

The appellant in his brief says that the decision of
the Court was based upon the ground "that there was
a misjoinder of defendants; that the suit should have
been alone against the administrator; and that the
widow and heirs were not properly made parties." Is
this position tenable?

The code provides that, "Any person may be made a
defendant who has, or claims, an interest in the contro-
versy adverse to the plaintiff, or who is a necessary
party to a complete examination or settlement of the
questions involved." 2 R. S. p. 31. This is in effect
the re-enactment of a rule in equity pleading; and it
simply remains for us to inquire whether that rule, in
view of its settled construction, when applied to the
case at bar, sustains the action of the Common Pleas.
Mr. *Story* says that, "In all bills by creditors against the
executor or administrator, the persons entitled to the
personal assets of a deceased debtor, or testator, after
payment of debts or legacies, are not deemed necessary
parties, although interested, to contest the demands of
creditors," &c. Eq. Pl. s. 140, 5th ed. He also says,
"There are certain persons whose representative char-
acter is derived from the law. The most familiar in-
stance is that of executors and administrators in respect
of the personal estate of their testator or intestate.
Whenever a suit is instituted which affects that per-
sonal estate, all the legatees have precisely that kind of
interest which has been specified in the general rule,
but they are unnecessary parties, inasmuch as by law
their interests are protected; they themselves may be
said to be represented in the person of the executor or
administrator. It would be very inconvenient to bring
them all, in their own persons, before the Court, so they
are allowed to appear by their representatives; thus an
adequate protection is provided for their interests, and

the spirit of the general rule is adopted, although the letter of it is, for the sake of convenience, evaded." Eq. Pl. p. 187, 5th ed. (1)

We perceive no reason why the exposition just quoted should not be applied to the rule enacted by our code. It is true, as contended, a judgment in the present case for the plaintiff, must be paid out of property which would otherwise go to the widow and heirs; hence, they would seem to be interested in the result of the controversy. But the subject-matter of this suit is simply a claim against the decedent's estate, and the administrator who represents their interest in the estate is in duty bound, to make all necessary defense against the claimant's demand. 2 R. S. p. 262. His defense is their defense. We are not inclined to adopt such a construction of the rule as will allow each creditor of an estate, in the prosecution of his claim against its administrator, to join as defendants the widow and heirs.

The appellant argues thus: "The legislature intended that all persons in whom is vested the real interest, should be parties. It is provided that all persons except parties shall be competent to testify. And certainly it would be most unwise that the defendants in this case other than the administrator should be full witnesses;— yet they would be, if the demurrer is sustained." The force of this reasoning is not perceivable. The law renders incompetent as a witness, "a party to an action or the person for whose use it is brought." To us, it is very plain that the widow and heirs are neither necessary, nor even proper parties to a suit like the present; and in no sense was the action brought for their use. Nor does the assumption that they may be witnesses, furnish any reason for making them parties. We think however, that the demurrer filed by the administrator, should have been overruled. As to him, the suit was properly instituted, and against him it should be allowed to proceed.

*Per Curiam.*—The judgment upon his demurrer is

therefore reversed. In all else the judgment is affirmed.
Costs against the appellant in this Court. Cause re-
manded, &c. ,

J. A. Matson, for the appellant.

(1) This language is not found in *Story's* text. It is from Calvert on Parties in Equity, pp. 20, 21. See Story's Eq. Pl. s. 140, note 5.