## ARBAUGH ET AL. v. MILLETT ET AL.

HEIR WHO IS ADMINISTRATOR CANNOT BE SUED UNTIL FINAL SETTLEMENT.
    A widow who is sole legatee, and is settling the estate without an administration, is not. liable to action as heir by the creditors, for the heir cannot be sued for assets received until the administrator has settled.

ERROR to the Court of Common Pleas of Darke county.

Frances Millett brought suit in the court of common pleas against Valentine Arbaugh,. Joseph Begin and Jane Arbaugh, alleging, as a first cause of action, that she was eighteen years of age in July, 1890; that on March 20, 1878, said Valentine Arbaugh was duly

appointed guardian of the person and estate of the plaintiff, executed a bond as such guardian, in the sum of $1200.00, with said Joseph Begin and one Samuel Arbaugh as his sureties, and thereupon entered upon the discharge of the duties of said trust.

That said Samuel Arbaugh died in the year of 1887, testate, leaving the defendant Jane Arbaugh, his widow, surviving; that in and by said testator's will, said widow was named as the executor thereof, and sole devisee and legatee of all the property of the testator. That said will was duly admitted to probate, and said widow elected to take thereunder, but was not appointed executrix, although she took possession of the property as such devisee and legatee, and settled the estate. That no appraisement or sale of said assets was had, the same having been omitted by direction of said testator.

It is further averred that said widow took said property as her own, as such executrix, subject to the payment of the debts of the testator, and that she holds a sufficient amount thereof, to pay the plaintiff's claim.

That on July 31, 1890, the final account of said Valentine Arbaugh, as such guardian, was settled by the probate court, and the sum of, $392.58 was found in his hands, which was ordered to be paid to the plaintiff, which order, although demand was duly made, was not complied with.

For a second cause of action, the plaintiff claims certain costs incurred in the matter of the citation of the guardian to file an account and in prosecuting exceptions thereto, amounting to $10.30.

The prayer is for judgment for said several sums with interest. The overruling of a general demurrer to this petition is assigned for error.

SHEARER, J.

The question presented for decision is whether a creditor of a deceased person may, before the settlement of the estate by the executor or administrator, recover his debt against the heir who has received assets; or must he pursue his remedy against the personal representative of the decedent?

The widow in this case is the sole devisee and legatee of the testator; but the testamentary provision for her was necessarily subject to the debts of her husband. What she took was the surplus remaining after the discharge of such indebtedness. Until the debts were paid, the amount to which she was entitled was uncertain and indefinite. As against creditors, she had no right to the possession of the assets until these claims were satisfied.

To the extent that the assets were necessary for this purpose, at least, the title to such assets vested in the personal representative of the decedent; or pending the appointment of such representative, was in abeyance.

So much therefore of the assets as are necessary for the payment of plaintiff's claim, although in possession of the plaintiff in error, belong to the administrator, who must collect, and administer them. Davis v. Corwine, 25 O. S., 668, 674. The creditor may not, simply because assets have come into the hands of the heir or legatee of his debtor, sue such heir or legatee for the amount of his claim. He has no better right of action against such person than he would have against a stranger who had received such assets, and it will not be contended that the latter would be liable to such a suit.

The only cases in which heirs, etc., are liable at the suit of a creditor of their ancestor are those provided for by secs. 6217 and 6218, Rev. Stat., and in those cases administration is contemplated as a condition precedent to the right to sue the heir or legatee. The heir's liability does not arise until after the settlement of the estate by the executor or administrator. Where there has been no such settlement, no right of action exists against the heir or legatee.

Taylor v. Huber, 13 O. S., 288, relied on by defendant in error, is not at variance with these views. In that case the court rest the decision upon the fact that the fund sought to be recovered was specific and held in trust by the executors for the use of the beneficiaries. It had been segregated and set apart and did not constitute, in a legal sense, assets of the estate of the testator. The case was distinguished on this ground in Davis v. Corwine, supra.

Such is the doctrine of Nelson v. Hart, 8 Ind., 293, 295, the court holding that the widow and heirs were neither necessary nor proper parties in an action by a creditor of a deceased person to recover his debt. See also Stanford v. Stanford, 42 Ind., 485; Flach v. Davison, 69 N. C., 42.

And in Kentucky it was held, in an action by a creditor against a widow of his debtor, praying that judgment might be enforced against the assets in her hands—she having received all her husband's property—that such action was improper.   Perry v. Seitz, 2 Duvall (Ky.), 122; Pomeroy's Rem. and Rem. Rights, sec. 314.

In this view of the law it is no argument to say, as contended by defendant in error, that the widow is the sole beneficiary of the will; that she has paid all the debts except the one in suit; and that the burden of a defense by an administrator would fall upon her at all events and that administration is unnecessary, a useless expense, without reason or justice.   Such an argument might be persuasive if addressed to the legislature, but cannot avail in a court of justice sitting to administer the law as it is, and not as it is conceived it ought to be.

For these reasons we hold that no cause of action is stated in the petition, and the demurrer thereto ought to have been sustained.

Judgment reversed, with costs, demurrer sustained, and cause remanded for further proceedings.

Allread & Bickel and Shockney, for plaintiffs in error.

Anderson & Bowman, *contra*.