GEORGE D. FLACK, Adm'r *v.* JOHN DAWSON *et al.*

An answer which avers that "no allegation of the complaint is true," is not a compliance with the C. C. P., sec. 100, which requires that the answer must contain "a general or specific denial of *each* material allegation;" that is, it must deny either the whole of *each* material allegation, or some material or specific part thereof. Such an answer is a sham plea, and ought to be stricken out on motion as provided in C. C. P., sec. 104.

A plea that the Court had no jurisdiction of the action is a sham plea. The objection to the jurisdiction must be taken by demurrer, C. C. P., sec. 95, sub sec. 1.

In a suit upon an administration bond, the next of kin of the intestate are not necessary parties, C. C. P., sec. 57, and in such a suit, the administrator of the principal in the bond need not be joined.

A plea alleging the want of parties is a sham plea, as the objection ought to be taken by demurrer, C. C. P., sec. 95, sub sec. 4.

A plea in an answer to a complaint on an administration bond of "performance of the condition of the bond by payment to the next of kin," is good in substance, and an issue may be taken upon it; and such issue is the subject of a compulsory reference under the C. C. P., sec. 245, sub sec. 1.

A reference of issues upon sham pleas is erroneous, but if the reference embrace an issue on a good plea which may be referred, it will be sustained as to that while it is reversed as to the others.

This was an ACTION on an administration bond, and when it came on to be tried before his Honor, *Russell, J.,* at the January Term, 1873, of NEW HANOVER Superior Court, he made an order for a compulsory reference of the whole case to a referee, and the defendants appealed.

The case is sufficiently stated in the opinion of the Court.

*Strange,* for the defendants.
*W. J. & J. D. Devane,* for the plaintiffs.

RODMAN, J. It is necessary to state as briefly as possible the pleadings in this case.

1. The plaintiff in his complaint says O'Reily died intestate in 1862. Baxter became his administrator. Baxter died in 1862. Ryan qualified as his executor, Ryan also became administrator *de bonis non* of O'Reily, and on the 12th of December, 1862, gave a bond to which the defendants were sureties with the usual conditions. In 1869 Ryan died intestate, and Murphy became his administrator. In January, 1870, administration *de bonis non* of O'Reily was granted to plaintiff. The action is against the defendants as surities to the bond given by Ryan when he became administrator *de bonis non* of O'Reily. The first breach assigned is a failure by Ryan to pay $13,594.90, received and held by him after payment of all claims against the estate of his intestate. The second breach is for converting the said sum. The third breach alleges a judgment in favor of plaintiff against Murphy as administrator of Ryan, recovered in the Probate Court of New Hanover on the 6th of October, 1870, for $13,594.90, wherein it was adjudged that Murphy had assests applicable to plaintiff's demand to the sum of $291.30, and that no part of said judgment has been paid.

Plaintiff demands judgment for the penalty of the bond to be discharged, &c., and damages, $13,594.90, &c.

2. The defendants answer, *for a first defence,* that no allegation in the complaint is true.

*Second.* Performance of the conditions of the bond by payment to the next of kin.

*Third.* That the Court had no jurisdiction of the action.

*Fourth.* That the next of kin of O'Reily and the administrator of Ryan were not parties.

3. *The reply* of the plaintiff need not be noticed.

After the joining of issues the Judge referred the whole case to a referee without the consent of the defendants, who appealed.

The first plea is evidently not a compliance with C. C. P., sec. 100. "The answer of the defendant must contain, 1. A general or specific denial of *each* material allegation," &c. That is to say, it must deny either the whole of *each* material allegation or some material and spicefic part thereof. The plea disregards the best known and most important rules of pleading. It professes to put in one issue several matters of fact, some of which are triable by the Court, and others by a jury. Such a plea is not issuable. It is a sham plea, which the Court below would have stricken out on motion, C. C. P., sec. 104.

Of the third plea. The want of jurisdiction was not the subject of a plea at all. If it existed, it was ground for a demurrer. But the Court clearly has jurisdiction of an action on an administration bond. This was a sham plea.

Of the fourth plea. This also was a sham plea. In an action like this, the next of kin are not necessary or proper parties, C. C. P., sec. 57. It is equally clear that the sureties to the administration bond could be sued without joining the administrator of their principal.

*The second plea* is good in substance.

The sham pleas being stricken out, as they should have been at once, and before the order of reference was made, there remained, but the issue joined on the second plea,

which was clearly a subject of compulsory reference under C. C. P., sec. 245, sub sec. 1.

Whether a Court has power, without consent, to order a reference upon such an issue as the execution of an administration bond, it is unnecessary to inquire. There is no such issue in this case.

The order of the Judge, so far as it refers the issue joined on the second plea, is affirmed ; as far as it refers the issues supposed to be made by the other pleas, it is reversed. The Judge below will strike out the sham pleas on such terms as he shall think proper to impose.

The plaintiff will recover his costs in this Court.

PER CURIAM.                    Judgment accordingly.