OWEN G. SCHEHAN *v.* JOHN MALONE & CO.

Parties are concluded by facts contained in the statement of the case for this Court. Therefore, where a defendant excepts to the report of a Commissioner because he did not report certain evidence, and the case shows that the evidence was reported, his exception was properly overruled.

And where the exception is, that the Commissioner did not admit certain evidence, and the case does not show that such evidence was competent or material, the exception will be overruled.

Application for a jury, not made in apt time, is not a matter of right, but is addressed to the discretion of the Court, and is not the subject of review.

An answer denying "the said complaint and each and every allegation contained therein, and " demanding " judgment against the plaintiff for their costs " &c., is a sham plea, which the Court below should have stricken out on motion.

(*Flack* v. *Dawson*, 69 N, C, Rep. 43, cited and approved.)

CIVIL ACTION, oñ a contract, tried before *Mitchell, J.*, upon exceptions to the report of a Commissioner, at the Spring Term, 1874, of IREDELL Superior Court.

During the progress of the cause it had been referred to a Commissioner to state an account, and upon the coming in of his report, the defendants filed exceptions thereto. Upon the hearing, his Honor overruled the defendants' exception and denied his application for a jury, whereupon defendants appealed.

The facts necessary to an understanding of the points decided, are fully set out in the opinion of the Court.

*Folk & Armfield*, for appellants.
*Caldwell* and *Furches*, contra.

BYNUM, J. The case comes here by appeal from the judgment of the Court below, overruling the exceptions of the defendants to the report of the Commissioner.

1. The first exception is, that he failed to report the evidence of the defendant, Wilson, in regard to the account-book, and the absence of the clerk, Fennel.

The answer is, that the case stated for this Court, shows that the evidence was reported, and the defendants are concluded thereby. But the omitted evidence, as set forth in the affidavit, discloses no fact material to the defence. This exception was, therefore, properly overruled.

2 and 4. The second and fourth exceptions, seem to embrace the same matter, to wit : That the Commissioner failed to report the evidence of Wilson, in regard to the usurious interest paid by him, to one Simonton, on a draft drawn by plaintiff on the defendants and payable to Simonton ; or to allow him

credit therefor. The answer to this is, that the case sent up contradicts this exception, by stating that all of Wilson's testimony was reported. But taking Wilson's version of this omitted evidence, and it shows only that this interest paid by him, was on his own debt, for money which in effect, he borrowed in this way from Simonton, to make a payment on his debt to the plaintiff. These exceptions were properly overruled.

3. That the Commissioner, did not admit in evidence, the books referred to in the first exception.

Answer. The case does not show that they were competent, and if so, that they were material to the defence. This exception was properly overruled.

5. That he admitted in evidence, the contract between plaintiff and defendants, when it had been altered in a material part.

This exception is unsupported by the facts, nor is it even suggested wherein a material alteration, or any, was made, and by whom. Each party had duplicates of the contract, why did not the defendants correct the error or fraud, by introducing their duplicate in evidence? His Honor ruled correctly on this exception.

6. He allowed the plaintiff pay, before the estimates were made, as provided by the contract. The answer here is, that the case does not support this exception, and it should have been overruled, as it was.

At the final hearing, the defendants applied for leave to put in another and fuller answer to the complaint, and also asked leave to make an issue for the jury; both of which motions were disallowed.

It has been often held by this Court, that such applications, made at this stage of the case, and not in apt time, are not matters of right, but are addressed to the discretion of the Court, and are not the subjects of review here. It would have been an extraordinary indulgence, in the Court below, to have allowed these latter applications at the very last stage of the litigation.

Before concluding, we would call attention to the pleadings in this case.

The complant sets forth the cause of action with precision, detailing in separate allegations, the particular facts constituting the cause of action, most of which were as much within the knowledge of the defendants as of the plaintiff. The answer of the defendants, nevertheless, is in these words: "They deny the said complaint and each and every allegation contained therein and demand judgment against the plaintiff for their costs in this action." This is the whole answer.

In *Flack* v. *Dawson*, 69 N. C., 43, the answer was substantially the same as in this case, to wit: "The defendents answer, for a first defence, that no allegation in the complaint is true." The Court there says, "The first plea is evidently not a compliance with *C. C. P., S.* 100. The answer of the defendant must contain,

1. "A general or specific denial of *each* material allegation," &c That is to say, it must deny either the whole of *each* material allegation, or some material and specific part thereof.

The plea disregards the best known and most important rules of pleading. It professes to put in one issue, several matters of fact, some of which are triable by the Court and others by a jury. Such a plea is not issuable. It is a sham plea, which the Court below would have stricken out on motion. *C. C. P., Sec.* 104."

The very purpose of the Code is defeated, which is to produce an issue upon every material allegation, by having a distinct, separate and precise answer to each separate and material allegation. This object cannot be effected by lumping all the allegations together, and then by giving one lumping answer to the whole. As the complaint must contain a plain and concise statement of the facts constituting the cause of action ; and each material allegation must be distinctly numbered, so the answer must be co-extensive, and contain a general or specific denial of each material allegation which is controverted, distinctly numbered in a corresponding manner with

the allegations of the complaint. By this course, confusion will be avoided, immaterial matters eliminated, and issues produced with certainty and precision, and trials expedited.

Nothing less than this will satisfy the Code or comply with the rulings of this Court.

There is no error.

PER CURIAM.                                    Judgment affirmed.