## THOMAS McDERMOTT *vs.* CHARLES F. DEITHER.

### January 29, 1889.

**Pleading—Striking Answer out as Sham.**—Where it was alleged by plaintiff that defendant, for value, executed a contract in writing to pay a note previously made by a third party to plaintiff, and held by him, and the answer is a general denial, *held*, on a motion to strike out the answer as sham, upon which it appeared that such contract was not a specific agreement to pay the note, but the partnership and individual debts of the maker thereof, not exceeding a sum certain, that defendant might show upon the trial, under his general denial, that the agreement had already been otherwise satisfied, and did not include the plaintiff's claim, and hence that it did not indisputably appear that the answer was sham or interposed in bad faith.

Appeal by defendant from a judgment of the district court for Ramsey county, entered upon an order by *Simons*, J., striking out the answer as sham. The material portions of Exhibit B referred to in the opinion are as follows, to wit: "Articles of agreement made and entered into this 14th day of December, 1887, between John Melady and M. Howes, both of St. Paul, Minn., partners, * * * parties of the first part, and Charles F. Deither, of the same place, party of the second part, witnesseth as follows, to wit: The parties of the first part, in consideration of the covenants and agreements hereinafter contained on the part of the party of the second part, hereby sell, assign, transfer, and set over, unto the party of the second part, all their right, title, and interest in and to that certain stock of groceries, (describing it) * * *. The said Charles F. Deither, party of the second part, in consideration of the premises, hereby assumes and agrees to pay the following debts and liabilities: (1) All the debts and liabilities of the said Melady & Howes, partners as the

Union Mercantile Company, being about $2,015; (2) all the debts òf the said Howes contracted in and about the grocery business at 169 and 171 said Martin street, amounting to $913.72 or thereabout; (3) all the balance of the indebtedness of the said Johri Melady, being about the sum of $1,620, the whole amount of said indebtedness herein mentioned, aggregating the sum of $4,548.72 or thereabout. * * * It is hereby understood and agreed that the liabilities assumed by said Charles F. Deither shall not exceed $4,548.72, the amount above mentioned."

*Wm. S. Moore*, for appellant.

*Baxter, Townley & Gale*, for respondent.

VANDERBURGH, J. This action is brought to recover the amount due on a promissory note, executed by one Melady to plaintiff, and dated June 13, 1887. The complaint alleges that, after the execution of the note, the defendant entered into a written contract with Melady, and thereby, for a valuable consideration, promised and agreed to pay the note to plaintiff. The answer consists of denials, and the plaintiff, upon affidavits to which was annexed a written agreement identified in the record as "Exhibit B," moved to strike out defendant's answer as sham, and his motion was granted. Exhibit B is the writing relied on to sustain plaintiff's allegation of defendant's agreement to pay the note. It does not expressly refer to the note, and on its face appears to have been given in consideration of the purchase by the defendant of partnership assets of the firm of Melady & Howes; and the defendant thereby agrees to pay the outstanding partnership debts, being about $2,015; and also the individual liabilities of the partners, being $913 and $1,620, respectively, as estimated; it being also, however, expressly stipulated in the contract that the liabilities so assumed by the defendant should not exceed in all the sum of $4,548. The plaintiff claims that he would be entitled to introduce the agreement Exhibit B in question in evidence, under the allegations of the complaint, on the ground that it necessarily involves an undertaking and obligation to pay the note in suit. But, conceding that he might do so, we are of the opinion that the defendant might, under his answer, show the extent of the indebtedness therein assumed, the amount thereof paid, and the

limitation of his liability, in consequence thereof. His liability to pay the note was qualified and limited, and not absolute, as alleged in the complaint. It certainly was not entitled to a preference over other debts, and defendant might prefer other claims, if there was not enough to pay all, or apply the amount agreed to be paid *pro rata*. Had the plaintiff been more particular in setting up the nature of defendant's agreement, the latter would doubtless have been compelled to be more specific in his answer. As the case stands, however, we are not satisfied that the answer was interposed in bad faith, or that it is clearly and indisputably shown to be sham.

Judgment vacated, and order reversed.