## WILLIAM H. RHEA v. THOMAS HACKNEY.

157 So. 190.
Opinion Filed October 22, 1934.

*E. H. Wilkerson* and *E. H. Martin,* for Plaintiff in Error;
*F. R. Hocker,* for Defendant in Error.

DAVIS, C. J.—The principal question presented in this case is the authority of a court of law, independent of court rule or statute, and in the exercise of its inherent judicial power, to strike as sham pleas interposed by a defendant which are shown to be false and filed merely for delay, though apparently good on their face and verified in legal form, and thereupon to give plaintiff a final judgment against the defendant as upon default for want of any defense whatsoever. The court below ruled in the affirmative. The resulting judgment entered by that court has been brought

here on writ of error sued out to this Court by the defendant below.

The cause of action set forth in plaintiff's declaration was an action on several promissory notes alleged to have been executed by Rhea and not paid at maturity. On August 28, 1931, the defendant secured an order granting until October Rule Day of that year to plead to plaintiff's declaration. On October 30, 1931, pleas were filed. Among those filed were pleas of "never was indebted as alleged," denials that "plaintiff had ever demanded payment of the notes with interest thereon," a plea that plaintiff had agreed to extend the maturity of the notes until January 1, 1932, and had agreed (but without consideration being stated therefor) not to require payment until after that time, pleas of payment and pleas that the notes sued on were not defendant's notes. The declaration was in five counts and the pleas were addressed to each of such counts. All of the pleas except the pleas of non-execution of the notes and of payments went out either on demurrer on motions to strike and defendant was given until March 10, 1932, to file amended or additional pleas.

On March 10, 1932, certain amended or additional pleas were filed. These pleas were in substance the same as the pleas first interposed and held bad. As a result they likewise went out either on motions to strike or on demurrers. Ten days were allowed defendant to file further pleas as he might be advised.

On April 6, 1932, the defendant again filed amended and additional pleas. These pleas embraced a plea of set-off. Again plaintiff filed demurrer and motion to strike these pleas. The motion to strike and the demurrers were sustained. The Court, however, once more allowed addi-

tional time within which to file amended and additional pleas. More pleas were filed and motions to strike and demurrers to same were again successfully interposed by plaintiff. The Court again allowed more time for the filing of amended and additional pleas. No additional or amended pleas were filed pursuant to the last order.

So the final situation resulting from all of the foregoing course of pleading had and allowed on defendant's part in the case, was that on May 17, 1932, the attorney of record for defendant withdrew his name as counsel of record and another attorney entered his appearance as attorney of record to succeed him. At the time of this latter happening there stood of record in the cause an unchallenged plea of payment and an unchallenged plea that the defendant, Rhea, did not make nor execute the notes sued on.

On June 6, 1932, the plaintiff filed before the Circuit Judge his sworn written motion to the following effect: that suit had been brought on July 21, 1931, to collect the claim sued on which was represented by signed promissory notes of the defendant, William A. Rhea, amounting to $36,149.60, representing money lent or advanced by plaintiff to Rhea; that the claim sued on was just; that it was so admitted on Rhea's part; that notwithstanding the fact that the debt was admittedly due and unpaid; that various dilatory and unfounded pleadings had been filed by Rhea in an endeavor to postpone and delay plaintiff in obtaining a judgment against defendant; that all pleas theretofore interposed except two had been adjudged bad on their face and eliminated; that those remaining were untrue, sham and false in fact and were being interposed solely and only for the purpose of "holding up" the entry of judgment in this suit until certain alleged collusive judgments were obtained by other plaintiffs in other cases recently instituted against

Rhea in an attempt to have judgments therein entered against him prior to the convening of a term of court in Marion County at which time a judgment would most certainly be entered against Rhea in the present case; that defendant Rhea by means of his sham pleas in this case was endeavoring to effect the design of holding up the entry of any judgment in this suit until after collusive judgments would be first obtained in the other suits referred to; that Rhea hoped thereby to make the judgment that he knew was certain to be entered in this case when court convened, inferior in priority to the sham and collusive judgments which defendant expected to have entered against him in said other cases which would result in judgments being entered prior to the convening of any term of court at which the sham issues presented by the particular pleas in this case should be disposed of in the usual way through a formal trial by jury during term time.

Based upon plaintiff's sworn petition aforesaid and upon certain other corroborating evidence in written form filed in support thereof, the Circuit Judge on June 6, 1932, in advance of Marion County term time (which would not begin until June 13, 1932) made and entered a special order of court disposing of defendant's pleas as sham. Upon such special finding and order which is hereinafter quoted in full, final judgment was forthwith entered for the plaintiff for the full amount of his claim as proved up before the judge in the usual manner of procedure followed where promissory notes are reduced to judgments. The court's order striking defendant's pleas as sham was as follows:

"This cause coming on to be this day heard, upon motion of the plaintiff for entry of an order striking as sham the general pleas of the defendant of payment, and denying the execution of the notes herein sued upon, and it ap-

pearing to the court that the defendant in this suit has obtained concessions from this court in the matter of time of filing of pleas, and upon several occasions asked for additional time to plead over, all of which requests have been granted, and that the tactics of the defendant in this case indicate clearly that the real purpose and intent was to delay the entry of a judgment herein as long as possible; and

"It further appearing to the court that the attorney for the defendant filed his withdrawal as such attorney herein on the 17th day of May, 1932, and shortly thereafter the said attorney instituted a suit in this court against the said defendant on a note purporting to be executed by the said Rhea to the said attorney on the 14th day of May, 1932, for $11,746.38, the summons in which suit is returnable to the rule day in June, 1932, and service of such summons was accepted by the said defendant Rhea; and

"It further appearing to the court that on the 26th day of May, 1932, three suits were filed in this court, one by Walter L. Davis, one by Roy Coyne and one by E. H. Wilkerson, all of which suits were against the said defendant, Rhea, and in which said suits the said E. H. Wilkerson is named as plaintiff's attorney; and

"It appearing that the said suit in which the said Wilkerson, representing himself, is for $15,789.75 alleged to be due the said Wilkerson as attorney's fees for services to the said Rhea, and bill for which was rendered May 11th, 1932, and on May 16th, 1932, the said Rhea is shown to have written a letter to the said Wilkerson admitting such indebtedness, and

"It further appearing to the court that suit has been started in the Circuit Court of Orange County, Florida, against the said Rhea by C. D. Walker, in which Dickerson

& Dickerson, attorneys of Orlando, Fla., appear as attorneys for the plaintiff; and

"It further appearing to the court that the sheriff of Marion County, Fla., was directed to and did return the summons in all of said suits to the said E. H. Martin, who was the attorney for the defendants in this suit,

"That from these facts and circumstances it is obvious to the court that it is the purpose of the defendant to take advantage of this court and its process and its consideration by delaying the plaintiff in this suit obtaining a judgment until judgments can be obtained in these various other cases, which judgments might be prior liens to any judgment the plaintiff could herein obtain, and this court being of opinion that to sanction or permit any such procedure of practice would in effect to a large extent stultify this court and render the institution of a suit by plaintiff therein a vain proceeding.

"Therefore, in consideration of the premises and the patent fact that the remaining pleas in this record are mere shams and contradicted by the answers to the interrogatories propounded to the defendant herein, and inspection of the original instrument, showing obviously that they were signed by the defendant, and in fact the signature and execution thereof having been admitted by the defendant in various pleas, the court does therefore strike from this record all of the remaining pleas of the defendant herein as sham and does hereby enter a judgment against the said defendant, William A. Rhea, for want of a plea.

"Done and ordered at chambers in Ocala, Marion County, Florida, this the 6th day of June, 1932.

"W. S. Bullock, Judge."

On July 29, 1932, Rhea filed a motion for the vacation and setting aside of the court's order and judgment. The

principal ground thereof, as stated in the defendant's motion, was a follows:

"On the 6th day of June, A. D. 1932, the above styled court and the judge thereof without any notice whatsoever to the defendant and also without any notice whatsoever to attorney of the defendant and also without any notice of any kind whatsoever to the defendant or any one for him and without said defendant having then or theretofore waived any such notice made and entered an Order in this cause striking the pleas of the defendant then in force and effect to the declaration in this cause and on the same date entered default and final judgment against the defendant, William A. Rhea, in favor of the plaintiff, Thomas Hackney."

The court heard the foregoing motion and denied the same by order dated July 30, 1932. To such denial an exception was noted and allowed. The last mentioned order is made the basis of the 12th assignment of error. Other assignments, the 7th to the 11th assignments of error, are directed to the prior action of the court in striking defendant's pleas as sham, entering a default thereon, and rendering a final judgment consequent upon the default.

So we have squarely presented to us by the assignments of error in this case the proposition implied in the question propounded in the first paragraph of this opinion, together with a subordinate proposition that is ancillary thereto, namely; whether or not the action of the court in striking the defendant's pleas as sham was justified under the circumstances in the absence of notice. Notice is shown not to have been given by the plaintiff prior to his presenting his application to the Circuit Judge, or the making of the court's order, attacking defendant's pleas as sham.

That the pleas were in fact untrue and of such character that they could not have been proven at the trial, if a formal

trial had been had, abundantly appears from the record. It was made to so appear to the Circuit Judge at the time he entered the order striking defendant's pleas as sham.

. A plea is considered sham when it is palpably or inherently false, and from the plain or conceded facts in the case, must have been known to the party interposing it to be untrue. Pleading a matter known by the party to be false for the purpose of delay or other unworthy object, has always been considered a very culpable abuse against justice, and at common law was subject to censure and summary setting aside with costs. 1 Chitty on Pleading (7th Ed.) page 541; 2 Bouvier's Law Dictionary, page 680.

. In most jurisdictions a sham pleading may, in a proper case, be struck out on motion. The power is not derived from statute but is inherent in the court. Its exercise is not objectionable as infringing the right of trial by jury, for the right of a defendant to a jury trial depends upon there being a real issue to be tried. The court has power to determine as a matter of judicial cognizance whether there is such an issue, and whether an ostensible issue is in reality fictitious and sham, though the court does not have power to try the issue if there is one in truth as well as in form.

The power to eliminate sham pleadings is an indispensable power to the protection and maintenance of the character of the court, and the proper administration of justice. People v. McCumber, 27 Barb. (N. Y.) 632, affirmed in People v. McCumber, 18 N. Y. 315, 72 Am. Dec. 515; Coyendall v. Robinson, 39 N. J. L. 98; Patrick v. McManus, 14 Colo. 65, 20 A. S. R. 253, 23 Pac. Rep. 90; Goldstein v. Krause, 2 Idaho, 271; 13 Pac. Rep. 232; Anonymous, 7 N. J. L. 160; Larco v. Casaneuava, 30 Cal. 560, Barker v. Boster, 29 Minn. 166, 12 N. W. Rep. 460; State *ex rel.* Englehard v. Weber, 96 Minn. 422, 105 N. W. Rep. 490, 113

A. S. R. 630, and notes; Fidelity Mut. Life Ins. Co. v. Wilkesbarrie & H. R. Co., 98 N. J. L. 507, 120 Atl. Rep. 734; White v. Calhoun, 83 Ohio St., 401, 94 N. E. Rep. 743. The power has been exercised in Florida in a Federal district court case. Liebling v. Barbara Bldg. & Devel. Corp., 52 Fed. (2nd) 183, wherein the authorities in support of the rule have been extensively reviewed and discussed. The power seems to have been recognized by this Court in a dictum found in Jackson Sharp Co. v. Holland, 14 Fla. 384, which cites People v. McCumber, *supra*.

But a pleading cannot be stricken out as sham unless the falsity thereof clearly and indisputably appears. As otherwise expressed, to warrant the rejection of a pleading as sham, it must evidently be a mere pretense set up in bad faith and without color of fact. The rule cannot be applied to any case except where the defense is shown to be a plain fiction. And when a defendant, in defending against a plaintiff's motion to strike out his defense as sham, supports it by a special affidavit stating specifically the grounds of it, he cannot, as a general rule, be deprived of the benefit of a trial of his plea in the usual mode, as a cause for striking out does not exist merely because the court may perceive but little prospect of the success of the alleged sham pleading. Pittsburg C. C. & St. L. Ry. Co. v. Fraze, 150 Ind. 576, 50 N. E. Rep. 576, 65 Am. St. Rep. 377; Barker v. Foster, 29 Minn. 166, 12 N. W. 960; Munn v. Barnum, 1 Abbott Pr. (N. Y.) 281, 12 How. Pr. (N. Y.) 563; McDermott v. Deither, 40 Minn. 86, 41 N. W. Rep. 544.

The power to strike is seldom, if ever authorized to be exercised by a trial court as to mere denials amounting to pleas of the general issue appearing to have been interposed by a defendant for the purpose of putting on the plaintiff the burden of establishing his own alleged cause of action.

in the first instance by offering proper evidence in support thereof at a trial, although forceful reasoning has been advanced in defense of a practice to the contrary. Schehan v. Malone & Co., 71 N. C. 440; Flack v. Dawson, 69 N. C. 42. See Larson v. Winder, 14 Wash. 647, 45 Pac. Rep. 315; for the reasoning upon which the right to strike general denials as sham is discountenanced.

Section 4318 C. G. L., 2652 R. G. S., requiring all pleas (but not subsequent pleadings) in a pending suit to be sworn to, was obviously intended to set up a statutory deterrent against the filing of sham pleas. A positive violation of such statute naturally occurs whenever a sham plea is filed. The fact that a plea may appear to be good on its face, be in proper form and be legally sworn to, does not prevent its being declared a sham plea and a fraud upon the right of pleadings, if it is in fact known to be untrue and is interposed for no other purpose than delay or other unworthy motive.*

It has always been held that by virtue of its inherent power, a court has authority by summary means to prevent an abuse of its processes, and to peremptorily dispose of a cause of action that is frivolous or wholly vexatious. This power may be exercised on an application to strike out the pleadings or to stay or dismiss the cause, and may be predicated on matters *dehors* the pleadings if duly established before the court. 20 Encyclopedia of Pleading & Practice, 44, 45, 51 and 52; 49 Corpus Juris, 701, 702; 21 R. C. L., page 597.

A "sham" plea is one good on its face but absolutely false in fact. A "frivolous" plea is one which on its face plainly sets up no defense, although it may be true in fact. One is

---

*See Florida State Bar Association Journal for September, 1931, page 222, for further discussion of the subject of the court's authority over sham pleadings.

as objectionable as the other in frustrating the orderly administration of justice. And it would be a reproach upon our judicial administration if unseemly delays could be procured as a matter of legal right, by merely resorting to the device of filing sham pleas, a practice that may properly be denominated as a legal fraud upon the right of pleading. Hence it is a judicial prerogative inherent in a court to strike out pleadings that are either sham or frivolous.* *In re*: Beam, 93 N. J. Eq. 593, 117 At. Rep. 613. Section 4296 C. G. L., 2630 R. G. S., appears to be merely declaratory of the common law in this respect and is peculiarly applicable to pleas that are frivolous as distinguished from sham.

We hold, therefore, that where a defendant interposes a plea that is good on its face but is false in fact, and it is indisputably so shown to the satisfaction of the Court, and it further inferentially appears that the plea was interposed principally for delay or other unworthy motive, with no reasonable expectation that it could ever be sustained at a trial of the issues raised by such plea, if a trial should be had on it, the Court may entertain and grant a motion by plaintiff to strike out such plea as sham, and may as an incident thereto award final judgment for plaintiff on his cause of action, being guided by like considerations in dealing with sham pleas to those prevailing when pleas are stricken as frivolous. For the latter principles see Chavous v. Gornto, 89 Fla. 12, 102 Sou. Rep. 754.

---

*The pendency of other collusive units designed to anticipate and avoid a judgment about to be obtained might be persuasive evidence of bad faith in filing pleas that are known to be untrue, but is no ground in itself for striking pleas as sham. Collusive judgments entered as a result of fraud may be attacked in equity and an attack on same ought not to be interjected as a collateral issue to a pending suit at law.

Sections 4405 C. G. L., 2733, R. G. S., to 4407 C. G. L., 2735 R. G. S., both inclusive, afford a special course of proceeding for demonstrating the sham character of pleas by compelling from a defendant a discovery under oath of matters which are allowed to be used in evidence against, but not for, the party making discovery. Interrogatories were resorted to by plaintiff in the present case and it was made to appear therefrom by Rhea's answers given under oath to the interrogatories propounded, that the pleas interposed by him were sham within the rule hereinbefore set forth.

But it further appears from a special certificate of the Circuit Judge made a part of the bill of exceptions that the order of June 6, 1932, striking as sham plaintiff in error's pleas, was made without notice or any attempt at notice, to said defendant of plaintiff's application, or of the court's contemplated order. Nor was Rhea or any one representing him advised of the court's intended action, or present at the time it occurred.

Under such circumstances it was error for the court to enter its order of July 30, 1932, refusing to vacate its order and judgment of June 6, 1932, entered without notice, and for that error the judgment must be reversed with directions to reopen the matters prayed for by the defendant's motion of July 29, 1932, and have further proceedings not inconsistent with this opinion. The remaining assignments of error not herein discussed have been considered but are not found to be well taken.

In fairness to counsel who appeared to represent plaintiff in error in this Court, it should be stated that plaintiff in error's attorney, Mr. Wilkerson, was not the counsel of record for the defendant, Rhea, until after the alleged sham pleas had been stricken by the Circuit Judge and the judg-

ment appealed from had been entered consequent thereon. It should likewise be stated in fairness to other counsel who appeared in the cause on defendant's behalf, that since the court below acted without notice and without affording opportunity to defendant to be heard in denial or resistance of what was alleged by plaintiff to demonstrate to the Circuit Court alleged sham nature of the pleas there brought in controversy, that the treatment of this case and the recital of the facts thereof in this opinion, is to be considered as predicated on what was *alleged* of record by the plaintiff, at the time the court below made its ruling. Plaintiff's allegations, for the purpose of this writ of error only, were by this Court taken and regarded as true in order to determine the legality of the procedure followed by the lower court in the entry of its *ex parte* order striking the pleas of the defendant as sham.

Reversed and remanded with directions.

WHITFIELD, TERRELL, BROWN and BUFORD, J. J., concur.

ELLIS, J., dissents in part.

ELLIS, J. (dissenting).—It being shown that the pleas were sham pleas and knowingly made by defendant for delay thus suing the court as a means or instrument to accomplish a fraudulent design no notice was required on the motion to strike the pleas. Upon an examination of the entire record it does not appear that the order has resulted in a miscarriage of justice. Sec. 4499 C. G. L.

The judgment should be affirmed.