### HAMER v. PENNELL (two cases).
#### Nos. 8148, 8149.

Circuit Court of Appeals, Fifth Circuit.
Nov. 9, 1936.

Rehearing Denied Dec. 12, 1936.

R. F. Maguire, of Orlando, Fla., for appellant.

J. Thomas Gurney, Le Roy B. Giles, and Herschel O. Moats, all of Orlando, Fla., and C. C. Wyche and Donald Russell, both of Spartanburg, S. C., for appellee.

Before FOSTER, HUTCHESON, and HOLMES, Circuit Judges.

HUTCHESON, Circuit Judge.

These suits on promissory notes executed to J. W. Hamer by Williams Holding Company by W. M. Hamer, its president, and W. M. Hamer jointly, went off on the pleadings. Each of the appeals raises the same questions. They will be disposed of together. The questions are: (1) Whether it was error to strike, as sham, appellant Hamer's pleas of no consideration; (2) whether the obligation being joint, and sued on that way, plaintiff could dismiss as to the Holding Company upon its plea of ultra vires, and proceed to judgment against Hamer.

In No. 8149 the defendant filed joint pleas and additional separate pleas. In No. 8148 each defendant filed his pleas separately. The issues tendered in each case were, however, the same, the result in each. the same.

Hamer, by his pleas, set up that the notes were merely gratuities, executed without consideration and for the accommodation of the payee; that plaintiff was not the holder in due course or for value, of the notes, and had taken them with notice of all defenses. The pleas of the Holding Company which were not stricken were that the indebtedness, if any, represented by the notes was that of Hamer. That it had no beneficial interest in the matter they related to; that its name was used for Hamer's benefit and not in relation to or in furtherance of defendant's business and without authority from it, and that the notes were ultra vires as to the defendant and void. Its other pleas were in substance the same as Hamer's separate pleas. Upon motion, all of Hamer's pleas and all of those of the Holding Company, except its pleas of ultra vires, were stricken as sham. An interlocutory judgment against Hamer by default was followed by dismissal of the action against the Holding Company because it had set up a defense personal to it and not available to Hamer, to wit, ultra vires. Whereupon the judgment against Hamer on the notes was made final.

Hamer's pleas, alleging positively and specifically that the notes sued on had been executed as gratuities and without consideration being good on their face, affidavits impeaching their good faith were filed. Counter affidavits in support of the pleas having been filed, the court to determine as a matter of judicial cognizance whether the ostensible issue tendered was in reality a sham one, that is, whether there was an issue for the jury in truth as well as in form, tried the matter out on the affidavits. These consisted of the affidavits of W. M. Hamer the maker, and of J. W. Hamer the payee in the notes, each swearing to an exactly opposite effect; the maker, that there was no consideration for the notes, the payee, that there was. Supporting these affidavits are affidavits of others, and letters, statements, property descriptions, and a written memorandum purporting to be a settlement attached as exhibits to the various affidavits. Together they make up a record of nearly 150 printed pages.

Appellant insists that since his pleas definitely and precisely tendered the issues to be tried, and were sworn to, the truth of what they tendered could not be by the court inquired into upon affidavits, but only on a trial to a jury. He insists further that if they could be inquired into at all upon affidavits it could only be for the purpose of determining whether there was or would be any testimony supporting the issue, and not, as was done here, for the purpose of determining whether that testimony was or would be true. In short, he urges that through a proceeding ostensibly upon the pleadings, his case has been tried upon its merits by the court and he has been deprived of a trial by jury.

On his part appellee insists that this is to misapprehend and miscall what occurred. That there was no trial of the facts. There was a mere inquiry into whether there were or would be facts to be heard and a finding that there were none. That appellant has therefore not been deprived of a trial by jury, but has

only been subjected to the proper consequences of filing sham pleas. In support of this position appellee relies greatly upon the written memorandum of settlement, claiming that appellant has been precluded by it and cut off from questioning the consideration of the notes. He insists that on the record before us both because the court had a right to strike the pleas as sham, and because if it did not have that right it is apparent that on another trial the result will be the same, the judgment should be affirmed.

■ We do not think so. Farfetched, fantastic, and difficult to credit as appellant's version of the signing of the notes does appear to us to be, we cannot declare it as matter of law, to be preposterous and unbelievable. The very extent of the proof, as well as the unusual, not to say bizarre character of some of the considerations appellant advances make it clear to us that this is not a case which should have been or may be disposed of on the pleadings. It is a case to be tried on its merits; a case in which, under proper rulings on the evidence and proper instructions, appellant's fundamental claim that the notes, the settlement agreement, and all the papers which enter into, lie back of, and make them up were executed by him without antecedent obligation, and for no consideration, but merely from a sense of moral obligation should be tried.

It is perfectly true that everything in the record tends to support appellee rather than appellant. It is true, too, that the claim appellant makes seems to us in the nature of an afterthought when pressed on his promises. But he has a right to a trial by jury on whether he tells the truth, for if he does, no judgment should go against him.

Appellee seems to think that though appellant may question the consideration of the notes, he may not question the consideration for the purported settlement agreement. This will not do. According to appellant's tendered issues, the whole matter, settlement agreement and notes, were one transaction, put in that form to satisfy his brother, though they both knew and understood the facts, and that there was no legal consideration for either.

■ While, then, we agree with appellee that the practice approved in Rhea v. Hackney, 117 Fla. 62, 157 So. 190, is a proper practice in the federal court, and

that the court had the power, on motion to strike, to test out within legal limits whether the pleas were sham, this power did not extend to deciding issues of fact arising on that motion.

"But a pleading cannot be stricken out as sham unless the falsity thereof clearly and indisputably appears. As otherwise expressed, to warrant the rejection of a pleading as sham, it must evidently be a mere pretense set up in bad faith and without color of fact. The rule cannot be applied to any case except where the defense is shown to be a plain fiction. And when a defendant, in defending against a plaintiff's motion to strike out his defense as sham, supports it by a special affidavit stating specifically the grounds of it, he cannot, as a general rule, be deprived of the benefit of a trial of his plea in the usual mode, as a case for striking out does not exist merely because the court may perceive but little prospect of the success of the alleged sham pleading." Rhea v. Hackney, 117 Fla. 62, 157 So. 190, 193.

■ Upon the other point made against the judgment, that the court was without power to award a separate judgment in an action jointly brought, we need say but little.

We agree with appellee that there is no sound ground for distinguishing between a defense, personal to one of two defendants jointly sued, arisen since, and one which existed at the time of the execution of the notes sued on. If in such a suit one of two joint defendants has a defense peculiar and personal to himself, which prevents recovery against him, but is not available to the other defendant, no good reason is perceived why plaintiff may not, dismissing as to the one having a defense, proceed to judgment against the other defendant. Loring v. Wittich, 16 Fla. 617; Minor, et al. v. Mechanics' Bank of Alexandria, 1 Pet. 46, 7 L.Ed. 47; Hartness v. Thompson, 5 Johns.(N.Y.) 160; Woodward v. Newhall, 1 Pick.(Mass.) 500; Jones v. Griffin, 103 Fla. 745, 138 So. 38; Stone v. Goldberg & Lewis, 6 Ala.App. 249, 60 So. 744; section 4208, C.G.L. Florida.

For the error of the court in striking appellant's pleas as sham, instead of permitting him to go to trial on them, the judgments are reversed and the causes are remanded for further and not inconsistent proceedings.