CARROLL, CHAS., Judge.
These appeals were consolidated for briefing and argument. Number 60-316 is an appeal from a final decree striking an equity complaint for sham and dismissing the cause. Number 60-396 is an interlocutory appeal from an order denying plaintiff’s motion for leave to file an amended reply to the defendant’s counterclaim which remained.
We will refer to the parties as they appeared in the trial court. A lease agreement attached to the complaint shows that defendant Southern Aircraft Leasing Company leased a certain aircraft to the plain *21 tiff in June of 1956, for three years for an aggregate rental of $126,000 payable at the rate of $3,500 per month. Exhibit B to the complaint was an option agreement bearing the same date as the lease. It provided that Riddle Airlines, Inc. could purchase the aircraft for $50,000 at the end of the lease •.(after having paid the full rental of $126,-000); or that the aircraft could be purchased at the end of the first year for $25,000, provided the balance of the rental which would have been payable for the last two years was also paid; or that the aircraft could be purchased at the end of the second year at a price of $40,000, if there were also paid the rental which would have been payable for the third year.
Exhibits C and D to the complaint were agreements made in 1959 at the end of the term of the regular three-year lease. One of those agreements extended the lease for another year at a rental of $18,000, payable $1,500 per month. The other agreement was one permitting Riddle Air Lines, Inc. to purchase the aircraft any time during that year for $50,000, with the benefit of applying on the purchase price such monthly payments of $1,500 as may have been made prior to the purchase.
In May of 1960, before expiration of the one-year extension on the lease, Riddle Airlines, Inc. informed the defendants that no further rental would be paid and that it claimed the aircraft had been purchased for its account and that the transaction was, in effect, a loan with interest at a usurious rate. Thereupon the defendants regained possession of the aircraft without suit, and the next day plaintiff filed its complaint in equity to enjoin removal of the aircraft from the jurisdiction of the court, contending the transaction was one by which the defendants had lent money to plaintiff to purchase the aircraft, that the title to the aircraft held by defendants constituted a mortgage, and that interest was charged in excess of twenty-five percent per annum in violation of § 687.07, Fla.Stat., F.S.A. Defendants answered, denying the allegations, and counterclaimed for the one month of stipulated rent which had been omitted, and claimed additional rent on a basis which is described hereinbelow. Defendants moved for an order striking the complaint as sham under rule 1.14, Fla.Rules of Civ.Proc., 30 F.S.A.
The chancellor heard the evidence adduced on behalf of the parties as provided for in the rule, held the complaint was a sham, granted the motion to strike, dissolved the temporary restraining order, and dismissed the complaint.
Material allegations essential to the validity of the complaint included (1) that plaintiff had dispatched engineers to Italy to arrange terms for purchase of the aircraft (2) that such had resulted in an offer of the aircraft to plaintiff for $55,000 and that plaintiff had consented to purchase at that figure (but did not do so for lack of funds) ; and (3) that plaintiff and defendants agreed that defendants would advance the purchase price of $55,000 for the account of the plaintiff.
Not only did the plaintiff fail to establish the truth of those allegations, but their falsity was shown by positive testimony of witnesses who were in a position to know the facts. According to the evidence, the plaintiff did not dispatch an engineer to Italy to negotiate purchase of the aircraft; no offer for its sale to plaintiff at $55,000 was made; the price at which the aircraft was purchased by the defendants was $119,-600, and there was no agreement for defendants to lend the plaintiff the money for purchase of the aircraft. The chancellor so found and the record adequately supports him.
Appellant argued that there was conflict on those matters, and that the chancellor went beyond the intendment of the rule by resolving such issues on the motion to strike for sham. That argument is without merit. The chancellor was authorized *22 under rule 1.14, F.R.C.P.,[1] to take and consider testimony submitted on the motion.[2]
The Supreme Court has said that “it is a judicial prerogative inherent in a court to strike out pleadings that are either sham or frivolous.” Rhea v. Hackney, 117 Fla. 62, 157 So. 190, 194. Rule 1.14, F.R.C.P., relating to a motion to strike a pleading for sham, expressly provides for use of an affidavit in support of the motion, and for “taking evidence of the respective parties.” The record reveals that the learned chancellor on his consideration of the motion did not try the case on the merits, but as authorized by the rule, received and considered evidence bearing on the truth or falsity of certain allegations vital to the validity of the complaint. That evidence established their falsity and justified the order granting the motion to strike the complaint.
We turn now to the appeal in case No. 60-396, which involves the interlocutory order denying appellant’s motion for leave to file an amended reply to the counterclaim, by which defendants sought to recover defaulted rent, consisting of one month’s stipulated rent, and an added sum as provided for under the lease, as extended, at stated amounts per hour for the period of use of the aircraft and its engines since the last overhaul thereof upon non-exercise of the lessee’s option to purchase and if the aircraft should be returned to the lessor not on a zero hour use basis following overhaul.
In its reply to the counterclaim, the plaintiff admitted certain facts such as the documents involved, generally denied the material allegations, and as a defense reasserted the matter alleged in the complaint.
On examining the proposed amended reply to the counterclaim it appears that new matter contained therein, which would not be available under the denial, was the contention of the plaintiff that it should be permitted to resume its obligations under the lease, and have its rights thereunder restored and the aircraft returned. That was submitted on the basis that equity should do so in order to relieve the plaintiff from forfeiture. In May of 1960, near the end of the extended term of the lease the plaintiff deliberately defaulted, and renounced the lease, choosing to rely on a belated contention that the transaction was not a lease but a mortgage loan infected with usury. After the chancellor found that contention of the plaintiff to be false and groundless, plaintiff in its proposed amended reply sought to resume its rights under the lease, “without waiving, relinquishing or abandoning its right to fully assert that those agreements were part and parcel of a usurious device.” Under those circumstances the plaintiff was “hoist with his own petard,” and the chancellor was not in error in rejecting that proposed amendment. See Johnson v. Green, Fla. 1951, 54 So.2d 44, 46; Graham v. Clyde, Fla.1952, 61 So.2d 656, 657; 2 Pomeroy’s Equity Jurisprudence, § 452 (5th ed.).
In the original and in the proposed amended reply the plaintiff relied on the usury contention as set out in its complaint. The order striking the complaint as sham may prompt plaintiff to defend the counter *23 ■claim on a different basis from that which it chose at the outset. The fact that the amended reply was found to be unacceptable, should not preclude the granting of leave, in the sound discretion of the chancellor, to file an additional defense or defenses to the counterclaim, based on the possible need of the counterdefendant to shift to other facts or defenses. See rule 1.15, F.R.C.P. There is no question here of untimely application, or that the privilege to amend has been abused. See Town of Coreytown v. State ex rel. Ervin, Fla. 1952, 60 So.2d 482, 487; Copeland Motor Co. v. General Motors Corp., 5 Cir., 1952, 199 F.2d 566; Mack v. Plowden, 217 S.C. 112, 60 S.E.2d 57, 58; Hayden v. Collins, 90 Utah 238, 63 P.2d 223, 225.
Accordingly, the decree and the interlocutory order appealed from in cases No. ■60-316 and No. 60-396 should be and hereby •are
Affirmed.
HORTON, C. J., and PEARSON, J., ■concur.

. Pertinent portions of the rule are:
“(a) If a party deems any pleading or part thereof filed by the other party to be a sham, he may, before the cause is set for trial, move to strike said pleading or part thereof and the court shall hear said motion, taking evidence of the respective parties, and if the motion be sustained, the pleading to which the motion is directed shall be stricken. Default and summary judgment, decree, decree pro confesso, and summary decree,on the merits, may, in the discretion of the court, be entered, or the court may for good cause shown, permit additional pleadings to be filed.
“(b) The motion to strike shall he sworn to and shall set forth fully the facts on which the movant relies and may be' supported by affidavit. No traverse of the motion shall be required.”

. Rhea v. Hackney, 117 Fla. 62, 157 So. 190; Guaranty Life Ins. Co. of Florida v. Hall Bros. Press, Inc., 138 Fla. 176, 189 So. 243. Cf. Meadows v. Edwards, Fla.1955, 82 So.2d 733.