340 So.2d 1267 (1976)
REIF DEVELOPMENT, INC., et al., Appellants,
v.
WACHOVIA MORTGAGE COMPANY, Etc., et al., Appellees.
No. 76-124.
District Court of Appeal of Florida, Fourth District.
December 24, 1976.
*1268 Leo Greenfield, of the Law Offices of Leo Greenfield, North Miami, for appellants.
Patrick G. Kelley, of Kelley, Thompkins, Frazier & Kelley, Fort Lauderdale, for appellees.
DOWNEY, Judge.
This case involves an interlocutory appeal from an order of the trial court striking as sham pleadings appellant's answer, affirmative defenses and counterclaim.
Appellee had sued appellants to foreclose a $4,000,000 construction mortgage due to alleged defaults by appellants. Appellants denied the defaults and alleged affirmatively that appellee had breached the construction loan agreement and other loan documents in numerous respects which rendered appellants unable to perform their responsibilities under the contracts. As a result appellants alleged appellees were estopped to foreclose. Appellants also filed a counterclaim asserting various causes of action based upon the same asserted breaches by appellees.
Upon appellees' motion the trial court struck appellants' answer, affirmative defenses, and counterclaim as sham pleadings.
We have read the deposition, the affidavit, and other proof which the trial judge had for consideration on the motion to strike and are unable to conclude that the stricken pleadings are a "plain fiction" or "undoubtedly false". It may well be that, upon subsequent proceedings, it can be demonstrated by the greater weight of the evidence that appellants' defenses and counterclaim lack merit and that appellees should prevail. But in the present posture of this case neither we nor the trial court are authorized to weigh issues and resolve conflicts. Rather, in a hearing upon a motion to strike, pursuant to Rule 1.150(a), Fla.R.Civ.P., the court is:
"... not to try the issues but to determine whether there are any genuine issues to be tried. In order to justify the striking of a pleading for being false or sham, it must be so undoubtedly false as not to be subject to a genuine issue of fact. In other words, a pleading may be stricken as a sham only where it is shown to be a plain fiction; the fact that the court may perceive of the little prospect of the success of the alleged sham pleading, is not sufficient ground to grant a motion to strike." 25 Fla.Jur., Pleadings, § 133.
As the Supreme Court said in Rhea v. Hackney, 117 Fla. 62, 71, 157 So. 190, 193 (1934):
"But a pleading cannot be stricken out as sham unless the falsity thereof clearly and indisputably appears. As otherwise expressed, to warrant the rejection of a pleading as sham, it must evidently be a mere pretense set up in bad faith and without color of fact. The rule cannot be applied to any case except where the defense is shown to be a plain fiction."
*1269 Accordingly, the order appealed from is reversed, and the cause is remanded for further proceedings.
REVERSED AND REMANDED.
MAGER, C.J., and ALDERMAN, J., concur.