GRIMES, Acting Chief Judge.
This appeal involves a consideration of the proper function of Florida Rule of Civil Procedure 1.150.
Appellant sued appellee for breach of a contract entered into by Peter J. Rundle and Norman P. Johnson, on the one hand, and appellee, on the other. The contract read as follows:
In consideration of $1.00 and other good and valuable consideration in hand paid, we [Johnson and Rundle] hereby release you [Silverman] both individually and as Trustee of and from any claim, demands, debts, actions, causes of actions that we may have had, now have or may hereinafter have against you connected with or related to the above captioned Property.
The other valuable consideration for the release being given you by the undersigned is your agreement to pay to us the sum of twenty thousand dollars ($20,-000.00) U.S. from the proceeds of the sales, of the Property when made which payment is conditioned however as follows:
1) Before any portion of such payment is paid to us any Mortgages now or hereafter created upon the Property for either land acquisition, development or otherwise (except Mortgages that may encumber all or a portion of the Property for the purpose of financing the purchase of the Property from you) are paid and satisfied.
2) All costs and expenses connected with or related to all or portions of the *779 Property are paid and satisfied including without limitation brokerage commission, attorney’s fees, direct and indirect overhead expenses connected with the sale, financing and development of all or portions of the Property including without limitation to your travel and telephone expenses related thereto.
3) After the payment of all of such expenses the first proceeds shall be paid to us to the extent of the amount above set forth which payment shall be deemed as an expense of your operation.
In addition to the payment above set forth you agree that should we bring you an offer to purchase all or portions of the Property and same is accepted by you and a Closing take place thereon; upon such Closing you will pay us a sum equal to 7'/2% of the Purchase Price.
Appellant alleged that Rundle and Johnson had assigned their rights under the contract to him, that appellee had sold portions of the real property at a profit within the meaning of the contract, and that although all conditions precedent for the payment of the $20,000 had been met, appellee had refused to pay him that sum. In his answer, appellee raised the affirmative defense that appellant could not enforce the contract because neither Rundle nor Johnson were licensed real estate or mortgage brokers within the State of Florida at the time of the transaction.
Following a request for admissions which established that in fact Rundle and Johnson were not registered real estate or mortgage brokers at the time of the execution of the contract, appellee filed a motion for summary judgment together with an affidavit stating that the $20,000 referred to in the contract was a finder’s fee to be paid to Rundle and Johnson. Appellee then filed a sworn motion to strike the complaint pursuant to rule 1.150, asserting again that the cause of action was for a finder’s fee to be paid to Rundle and Johnson and that Run-dle and Johnson were neither employees of appellee nor licensed as real estate or mortgage brokers. In response, appellant filed the affidavit of Mr. Johnson in which he stated that neither he nor Rundle had purported to act as a real estate broker in connection with the transaction out of which the contract arose and that the $20,-000 was never intended by the parties to represent a real estate brokerage commission or finder’s fee. Johnson further stated that he and his brother together with Run-dle originally planned to purchase the property and had at one time actually placed a purchase deposit on it with its former owners, Cameron-Brown Company, which was later returned. He said that it was contemplated that Rundle would become a 49% owner of the property acquired by appellee from Cameron-Brown as reflected by a copy of a letter from appellee’s attorney attached to the affidavit. Finally, he recited that the consideration for the obligation of appellee to pay $20,000 to him and Rundle was “a relinquishment by them of their rights to purchase the property and also reimbursement to them' for expenses incurred on behalf of Defendant, including attorney’s fees, travel expenses, real estate broker expenses, color photographs and miscellaneous expenses.”
Both the motion for summary judgment and motion to strike the complaint were called up for hearing. The court did not pass on the motion for summary judgment. However, the court did enter an order which recited that “after hearing argument of counsel, review of the pleadings, Affidavits and testimony and being otherwise fully apprised in the matter, it is hereby ORDERED AND ADJUDGED that the Defendant’s Motion to Strike Complaint is hereby granted.” Subsequently, the court entered final judgment for appellee, and appellant has appealed that judgment.
Rule 1.150 reads as follows:
(a) Motion to Strike. If a party deems any pleading or part thereof filed by another party to be a sham, he may move to strike said pleading or part thereof before the cause is set for trial and the court shall hear said motion, taking evidence of the respective parties, and if the motion is sustained, the pleading to which the motion is directed shall be stricken. *780 Default and summary judgment on the merits may be entered in the discretion of the court or the court may permit additional pleadings to be filed for good cause shown.
(b) Same — Contents. The motion to strike shall be verified and shall set forth fully the facts on which the movant relies and may be supported by affidavit. No traverse of the motion shall be required.
The rule has no counterpart in federal practice. It had its origin in rule 22 of the Revised Common Law Rules which the Florida Supreme Court promulgated in 1936. See Guaranty Life Insurance Co. v. Hall Brothers Press, Inc., 138 Fla. 176, 189 So. 243 (1939). Yet, even prior to the adoption of rule 22, the supreme court had declared that courts had an inherent right to strike sham pleadings. Rhea v. Hackney, 117 Fla. 62, 157 So. 190 (1934). At the same time the court cautioned that pleadings should not be stricken as sham “unless the falsity thereof clearly and indisputably appears.” 117 Fla. at 71, 157 So. at 193. In a later opinion the court noted that motions to strike as sham should not be granted under circumstances when a motion for summary judgment could not be granted. Meadows v. Edwards, 82 So.2d 733 (Fla.1955). The fact that the court might perceive that a party’s pleading has little prospect of success does not justify striking it as sham. Reif Development, Inc. v. Wachovia Mortgage Co., 340 So.2d 1267 (Fla. 4th DCA 1976). As another of our sister courts explained:
Pursuant to this rule and its predecessor, it has been held that in order to justify the striking of a pleading for being sham or false, it must be so undoubtedly false as not to be subject to a genuine issue of fact. In other words, a pleading may be stricken as a sham only where it is shown to be palpably or inherently false. A hearing on a motion to strike is not a hearing to try the issues but to determine whether there are any genuine issues to be tried.
Slatko v. Virgin, 328 So.2d 499, 500 (Fla.3d DCA 1976).
Appellant contends that the court should not have interpreted the contract as one which provided for the payment of a real estate commission without first ascertaining the intent of the parties by hearing all of the material evidence concerning the object or purpose of the contract and the surrounding circumstances under which it was signed. He further complains that the court totally ignored the affidavit of Norman Johnson which stated that the $20,000 payment contemplated by the contract did not arise from services for which real estate brokers and salesmen are licensed to perform. Appellee relies primarily upon the presumption of correctness which attaches to a trial court’s judgment and asserts that appellant has failed to present a sufficient record to demonstrate error. He points out that apparently there was no court reporter at the hearing on the motion to strike and that thus we have no record of what occurred.
There is nothing in the contract itself which leads to the conclusion that the $20,000 payment provision was for services which Florida law requires a licensed real estate broker to perform. While the last paragraph of the contract calling for the payment of P/2% of the purchase price of the property if appellee sold it does sound like a finder’s fee, appellant is not making his claim under that paragraph. Perhaps even that paragraph might have been enforceable if Johnson and Rundle had become licensed before performing any services. Compare Bradley v. Banks, 260 So.2d 256 (Fla.3d DCA 1972), with Geneva Investment, Ltd. v. Trafalgar Developers, Ltd., 274 So.2d 581 (Fla.3d DCA), cert. dismissed, 285 So.2d 593 (Fla.1973). In any event, Johnson’s affidavit clearly creates an issue of fact with respect to the genesis of the $20,000 obligation. Therefore, it appears that there are real issues which should be decided at a trial rather than at a hearing on a motion to strike for sham.
The only matter which gives us pause is that we do not have a transcript of the testimony taken at the hearing. While the appellate decisions which discuss rule *781 1.150 seldom address the desirability of taking testimony, the rule by its terms contemplates this possibility. Apparently, the rule authorizes the court to hear testimony on the limited issue of whether the pleadings of a party are manifestly false. It cannot be intended to permit a mini-trial on the merits of the case. Here, the attorneys for the parties have agreed that the only testimony presented to the court was that of appellee himself. Presumably he only reiterated what he had already said in his affidavit, but, in any event, we cannot see how one party’s pleadings can be stricken as false simply because the opposing party says they are. If appellant had submitted no evidence whatsoever to support his allegations, perhaps the court would have been acting within its discretion to accept what appellee said and strike appellant’s pleadings. However, the affidavit appellant submitted directly contradicted appellee’s position. Under these circumstances we do not believe that this was the kind of a case that rule 1.150 was designed to cover.
Accordingly, we reverse the judgment and remand the case for further proceedings.
RYDER and DANAHY, JJ., concur.