701 So.2d 104 (1997)
Maria Esther PACHECO, Appellant,
v.
Richard W. WASSERMAN, as Personal Representative of the Estate of Alfredo Pacheco; Elia Delgado, individually; and Santia Brenes, individually, Appellees.
No. 96-1758.
District Court of Appeal of Florida, Third District.
October 1, 1997.
Rehearing Denied November 26, 1997.
*105 Moises Kaba III, Miami, for Appellant.
Richard W. Wasserman, Miami Beach, for Appellees.
Before COPE, GERSTEN and SHEVIN, JJ.
COPE, Judge.
The appellant, Maria Pacheco, appeals an order striking as a sham her petition for revocation of probate. We reverse.
In 1983, Alfredo Pacheco executed a life insurance policy designating his brother, the appellant's husband, as beneficiary. After his brother's death, Mr. Pacheco amended the policy and designated the appellant as sole beneficiary. At approximately the same time, Mr. Pacheco executed a will in which the appellant also was named sole beneficiary. In late 1994, however, shortly before his death, a hospitalized Mr. Pacheco revoked his will and executed a new instrument that bequeathed the majority of his assets to Elia Delgado, one of the appellees. In addition, Mr. Pacheco amended his life insurance policy, designating Ms. Delgado as beneficiary of fifty percent of the proceeds.
In 1995, the appellant filed a petition for revocation of probate in circuit court, alleging that Mr. Pacheco had lacked testamentary capacity and that he had executed the second will as a result of Ms. Delgado's undue influence. Mr. Pacheco's insurance company also filed an interpleader complaint in federal court, seeking a determination of who should share in the distribution of the policy proceeds. Just before the appellant's action was to go to trial, counsel for appellant requested a continuance because he and his wife had been the victim of a violent home invasion robbery.
The trial court granted a four-day continuance conditioned upon the appellant reinstating the mortgage on Mr. Pacheco's condominium by the end of the four days. The condominium was the decedent's principal asset, the mortgage was in arrears, and the personal representative was attempting to sell the condominium unit.[*] Counsel for appellant prepared a stipulation to partially distribute the proceeds of the insurance policy, without which the appellant would be unable to bring the condominium mortgage current. However, of the interpleader defendants, *106 only Ms. Delgado refused to sign the stipulation. Finding that its condition had not been met, the trial court entered an order striking as a sham the appellant's complaint.
The Florida Supreme Court has defined a sham pleading as one that is "palpably or inherently false, and from the plain or conceded facts in the case, must have been known to the party interposing it to be untrue." Rhea v. Hackney, 117 Fla. 62, 70, 157 So. 190, 193 (1934). To strike a pleading as a sham, a party must so move before trial, and the trial court must conduct an evidentiary hearing. See Fla. R. Civ. P. 1.150(a). The purpose of the hearing is to determine whether there are any genuine issues to be tried. See Slatko v. Virgin, 328 So.2d 499, 500 (Fla. 3d DCA 1976). After holding the hearing, the trial court may only strike the pleading as a sham if it finds that the falsity of the pleading clearly and indisputably appears. See Rhea v. Hackney, 117 Fla. at 71, 157 So. at 193; see also Ader v. Temple Ner Tamid, 339 So.2d 268, 270 (Fla. 3d DCA 1976).
There is nothing in the record that would indicate appellant's petition is clearly and indisputably false. Moreover, the trial court not only moved sua sponte to strike the pleadings as a sham, but it also failed to follow the procedure mandated by Rule 1.150. Assuming, without deciding, that a trial court may strike a pleading as a sham on its own motion, the failure to conduct an evidentiary hearing under Rule 1.150 is nonetheless an abuse of discretion.
Mr. Pacheco's personal representative, one of the appellees here, argues that the trial court misapplied the term "sham" and that the order should be viewed as resting within the court's discretion to protect the assets of the estate during trial. Assuming that is so, it is still an abuse of discretion to strike pleadings where the appellant did everything within her power to bring the mortgage current and was obstructed in doing so by a competing claimant, the appellee Ms. Delgado. See Mercer v. Raine, 443 So.2d 944, 946 (Fla.1983) (striking of pleadings justified by "deliberate and contumacious disregard of the court's authority," "bad faith, willful disregard or gross indifference to an order of the court, or conduct which evinces deliberate callousness").
Under these circumstances, the order under review is reversed and the cause is remanded with instructions to reinstate the petition for the appellant.
It is so ordered.
NOTES
[*] The unit has since been sold, and the proceeds escrowed, pending completion of this litigation.