ORFINGER, J.
Comcast SCH Holdings, Inc. (Comcast), appeals an order granting Rolling Greens MHP, L.P.’s (Rolling Greens) Amended Motion to Strike and the entry of a final judgment in favor of Rolling Greens. Comcast contends that the trial court abused its discretion by striking its complaint, denying it an opportunity to amend its pleadings, and entering judgment in favor of Rolling Greens. We agree and reverse.
Comcast filed a verified complaint for damages and injunctive relief against Rolling Greens. The complaint named Com-cast SCH Holdings, Inc., a Florida corporation, as the plaintiff. Rolling Greens denied the claims and interposed various defenses. After the parties filed competing motions for summary judgment, and two days before the scheduled summary judgment hearing, Comcast filed a motion to substitute parties, alleging that “Com-cast SCH Holdings, Inc.,” the originally named plaintiff, had been merged with “Comcast SCH Holdings, LLC” (LLC), the surviving entity. The motion asked the trial court to substitute LLC as the plaintiff.
At the rescheduled summary .judgment hearing held several months later, the trial court learned that the Comcast/LLC merger had actually occurred more than a year before Comcast’s verified complaint had been filed. It also learned that LLC had not qualified to do business in Florida until the day Comcast filed its motion to substitute party. Based on this information, the court concluded that Comcast’s pleadings and motions constituted a fraud on the court and were a shám. After striking Comcast’s pleadings and motions, the court entered judgment in favor of Rolling Greens.
We conclude that the trial court abused its discretion in granting Rolling Greens’ motion to strike and its subsequent entry of final judgment adverse to Comcast. See Pacheco v. Wasserman, 701 So.2d 104, 106 (Fla. 3d DCA 1997). While the trial court was correctly concerned that the documents filed by Comcast were, at least, inaccurate, and, perhaps, misleading, there is nothing in the record that suggests that the complaint or the subsequent motion was palpably false or obviously known to be untrue. Rhea v. Hackney, 117 Fla. 62, 157 So. 190 (1934). To the extent that Comcast, and, perhaps, its counsel,[1] should be penalized for the erroneous documents it filed and the results flowing therefrom, section 57.105, Florida Statutes (2003), provides an adequate and appropriate remedy. Accordingly, we reverse and remand the matter for further proceedings consistent herewith.
REVERSED AND REMANDED.
GRIFFIN and PLEUS, JJ., concur.

. Comcast’s attorney on appeal did not represent it in the trial court.