744 So.2d 1222 (1999)
Henry FURST, Appellant,
v.
Alan BLACKMAN, Patsy Blackman, The Patsy Blackman Family Trust, by and through its known Trustees Noel Oliver Yorke and Diane Isobel Yorke, Jordana Blackman, Zachary Blackman, Alana Blackman, Noel Oliver Yorke, Diane Isobel Yorke, The Property Located at 9400/9500 N.W. 44th Street, Coral Springs, Florida, Stephen M. Beyer, individually and as Trustee, and Chicago Title Insurance Company, Appellees.
No. 98-3517.
District Court of Appeal of Florida, Fourth District.
November 10, 1999.
Jack Martin Coe of Law Office of Jack Martin Coe, and Milne & Laine, Miami, for appellant.
Jeffrey P. Kaiser of Law Offices of Jeffrey P. Kaiser, Coral Springs, for Appellees-Alan Blackman, Patsy Blackman, The Patsy Blackman Family Trust, by and through its known Trustees Noel Oliver Yorke and Diane Isobel Yorke, Jordana Blackman, Zachary Blackman, Alana Blackman, Noel Oliver Yorke, and Diane Isobel Yorke.
John H. Pelzer, W. Wyndham Geyer, Jr., and Daniella Friedman of Ruden, McClosky, Smith, Schuster & Russell, P.A., Fort Lauderdale, for Appellees-Stephen *1223 M. Beyer, individually and as Trustee, and Chicago Title Insurance Company.
GROSS, J.
Henry Furst appeals an order of the trial court dismissing his third amended complaint with prejudice. Because we decide this case on procedural grounds, we do not recount in detail the extensive, often vituperative pleadings that preceded the trial court's order of dismissal.
Furst filed his third amended complaint in June, 1996, after entry of the trial court's order dismissing his second amended complaint. The third amended complaint asserted that Furst's claim arose from an oral 90 to 120 day loan to certain of the defendants, to be secured by stock in MediBar Medical Industries, Inc. ("MediBar") and other assets of the Blackman family, including their family home. In his first amended complaint and in a supporting affidavit, Furst did not claim that he transferred money as a loan, but that he wired money to appellee Alan Blackman to purchase stock in MediBar.
The defendants seized on the factual conflict between the complaints to file a motion to strike pursuant to Florida Rule of Civil Procedure 1.150, which is directed at sham pleadings. Including attachments, the motion was over 100 pages long. Contrary to Rule 1.150(b), the motion was not verified. On January 27, 1997, the trial judge denied the motion to strike the pleading as a sham; the order also dismissed three counts of the third amended complaint with leave to amend and contemplated that the defendants would "respond" to an amended complaint.
Furst filed a notice that he was abandoning the three counts that the trial judge dismissed in the January 27, 1997 order. After that filing, certain of the defendants filed a motion to dismiss the third amended complaint. The motion asserted the following grounds: 1) lack of jurisdiction over the person of six of the defendants; 2) lack of in rem jurisdiction over certain real property; 3) impermissible joinder of tort claims contrary to Florida Rule of Civil Procedure 1.110(f); 4) failure to plead a viable cause of action against the children of Alan Blackman; 5) failure to state a cause of action for an equitable lien; 6) forum non conveniens; 7) failure to specifically plead fraud contrary to Florida Rule of Civil Procedure 1.120(b); 7) statute of frauds; 8) failure to state a cause of action for an accounting; 9) failure to state a cause of action for equitable relief; and 10) failure to state a cause of action under section 812.035, Florida Statutes (1997), pertaining to civil theft.
The last paragraph of the defendants' motion to dismiss argued that the pleading directly contradicted "the sworn declarations of Plaintiff previously filed in this action" such that the "claims in the Third Amended Complaint have not been brought in good faith nor can same fail to be dismissed given the sworn statements of Plaintiff in his prior pleadings and filings."
The motion to dismiss was heard before a different trial judge than the one who had previously denied the motion to strike. After a hearing on July 9, 1998, at which no testimony was taken, the judge granted the motion to dismiss with prejudice, without explanation of the grounds.
In this appeal, appellees primarily defend the judge's order by arguing that there was an adequate basis to dismiss the third amended complaint as a sham pleading. It does not appear that the judge considered any of the other grounds asserted in the motion.[1]
*1224 Numerous procedural deficiencies require reversal.
Neither the original motion to strike nor the last paragraph of the motion to dismiss were verified. This was contrary to Rule 1.150(b). See Diamond v. Diamond, 536 So.2d 1092 (Fla. 4th DCA 1988). With the motion to strike, the defendants included an affidavit of Alan Blackman that had been prepared in conjunction with a motion for summary judgment; however, this does not cure the procedural defect, since Rule 1.150(b) requires the motion to be verified and indicates that the motion "may be supported by affidavit." An affidavit filed in conjunction with another motion is not a substitute for a verified motion to strike. The affidavit filed in this case did not cover all the grounds raised in the motion to strike.
If the judge in fact granted the motion to strike that had been denied by his predecessor, there was inadequate notice that the motion to strike was going to be reconsidered at the hearing on the motion to dismiss.
If the judge dismissed the case with prejudice based on the last paragraph of the motion to dismiss, that paragraph was insufficient to support a Rule 1.150 motion, since it failed to "set forth fully the facts on which the movant relies." Fla. R. Civ. P. 1.150(b).
Finally, there was no evidentiary hearing on the motion to strike as sham. See Pacheco v. Wasserman, 701 So.2d 104, 106 (Fla. 3d DCA 1997). We reject the argument that the trial court could have, in the absence of the stipulation of all parties, based its decision solely on an examination of the complaints and affidavit filed by the plaintiff. Rule 1.150(a) contemplates a full evidentiary hearing where the parties have the opportunity to offer evidence on the issue of whether the pleading attacked alleges a cause of action or defense that is false in fact. The rule provides that "the court shall hear the motion, taking evidence of the respective parties." Fla. R. Civ. P. 1.150(a).
Finally, we reject appellees' contention that the trial court's dismissal may be upheld by finding that the ruling derived from the court's inherent authority to dismiss an action where a party has perpetrated a fraud on the court which permeates the entire proceedings. See Savino v. Florida Drive In Theatre Management, Inc., 697 So.2d 1011, 1012 (Fla. 4th DCA 1997); Kornblum v. Schneider, 609 So.2d 138, 139 (Fla. 4th DCA 1992); Hanono v. Murphy, 723 So.2d 892, 895 (Fla. 3d DCA 1998). The court's power to strike a pleading as a sham or to dismiss a case where a fraud has been perpetrated on the court both derive from the same source, the court's "inherent ... authority... to prevent an abuse of its processes." Rhea v. Hackney, 117 Fla. 62, 72, 157 So. 190, 194 (1934). See generally Rhea, 117 Fla. at 70-72, 157 So. at 193-94; Hanono, 723 So.2d at 895, and cases cited therein.
"Because dismissal is the most severe of all possible sanctions, it should be employed only in extreme circumstances." Kornblum, 609 So.2d at 139; see Cox v. Burke, 706 So.2d 43, 46 (Fla. 5th DCA 1998). A court acting on a motion to dismiss for a fraud on the court should carefully adhere to rules of procedure, "established due process, adversarial practice, and evidentiary rules in conducting an inquiry into such charges." Tri Star Invs., Inc. v. Miele, 407 So.2d 292, 293 (Fla. 2d DCA 1981).
In this case, none of appellees' motions specifically raised the ground that the case should be dismissed for a fraud upon the court. See Fla. R. Civ. P. 1.120(b). The original motion was brought under Rule 1.150 without citation to Savino, Kornblum, or any related case. No evidentiary hearing on such a motion was *1225 noticed or held. Without strict adherence to such due process procedures, the court was not authorized to eradicate appellant's case on the ground that he perpetrated a fraud upon the court. In the related context of imposing the ultimate sanction under Florida Rule of Civil Procedure 1.380, the supreme court has required a trial court to enter a written order containing an explicit finding that the sanctioned party has willfully refused to comply with a court order. See Commonwealth Fed. Sav. & Loan Ass'n v. Tubero, 569 So.2d 1271 (Fla.1990). This holding demonstrates that rigid adherence to procedures insuring fairness and due process are required before the imposition of a sanction as serious as dismissal with prejudice.
REVERSED AND REMANDED.
POLEN, J., and McCARTHY, TIMOTHY P., Associate Judge, concur.
NOTES
[1] For example, it does not appear that the trial judge dismissed the case based on forum non conveniens under Florida Rule of Civil Procedure 1.061 and Kinney System, Inc. v. Continental Insurance Co., 674 So.2d 86 (Fla. 1996). There is no indication that the court considered the factors required by Kinney. See Carenza v. Sun Int'l Hotels, Ltd., 699 So.2d 830, 831 (Fla. 4th DCA 1997). Appellees did not support this aspect of their motion by affidavit or other evidence offered under oath. See Ground Improvement Techniques, Inc. v. Merchants Bonding Co., 707 So.2d 1138, 1139 (Fla. 5th DCA 1998).