966 So.2d 437 (2007)
J. Allen MILLER, Appellant,
v.
James A. NELMS and Doris S. Nelms, Appellees.
No. 2D06-3642.
District Court of Appeal of Florida, Second District.
September 19, 2007.
*438 J. Allen Miller, pro se.
Edward C. Castagna, Jr., Clearwater, for Appellees.
NORTHCUTT, Chief Judge.
J. Allen Miller challenges a final order dismissing his complaint against James and Doris Nelms with prejudice. We reverse and remand for further proceedings.
Miller filed a complaint and two amended complaints, all asserting that the Nelmses owed him money for work he performed converting a bus into a mobile video entertainment vehicle. The Nelmses responded to his original complaint with a motion to strike the pleading as a sham. *439 Judge Brandt Downey[1] denied that motion, and instead granted the "Court's motion to strike for failure to state a cause of action." It gave Miller leave to file an amended complaint. When Miller did so, the Nelmses moved to dismiss the first amended complaint, claiming that it was untimely, that it failed to state a cause of action, and that Miller "failed to state what work was actually performed by him and the cost associated with such work." The court granted this motion on the grounds that the amended complaint was not verified and that it failed to state a cause of action. Miller then filed a verified second amended complaint. The Nelmses moved to strike or dismiss with prejudice, citing Florida Rules of Civil Procedure 1.150 and 1.420.[2] Their motion referred to the court's earlier rulings and contended that the second amended complaint was again untimely filed.[3] The motion also noted that Miller had failed to heed the court's suggestion that he obtain the assistance of counsel.
The circuit court dismissed the second amended complaint with prejudice on the ground that "the sole basis for Miller's filing of this lawsuit is to take vindictive action against [the] Nelms[es] in retaliation against them for having filed criminal charges against Miller." The order continued: "Based on this Court's review of the court file and particularly the exhibits attached to Miller's three Complaints, it is this Court's opinion that Miller's lawsuit is totally frivolous. Furthermore, it is scandalous, totally without merit and is only brought by Miller in a vindictive nature against [the] Nelms[es]."
At the outset, we note that the dismissal did not appear to be based on any of the assertions in the Nelmses' motion. That motion was grounded on Miller's failure to follow the court's previous order concerning the time for filing the second amended complaint and its suggestion that he should retain an attorney if he wished to pursue the suit. We will, however, address the court's reasons for dismissal so that the errors will not be repeated on remand.
We first address the circuit court's finding that Miller's lawsuit was "frivolous" and "without merit." We take these findings to mean that Miller had failed to state a cause of action. See Fla. R. Civ. P. 1.140(b)(6). When analyzing a motion to dismiss based on this ground, a court is limited to a consideration of the four corners of the plaintiff's complaint. Carmona v. McKinley, Ittersagen, Gunderson & Berntsson, P.A., 952 So.2d 1273, 1275 (Fla. 2d DCA 2007). In doing so, the court must accept the plaintiff's allegations as true and resolve all inferences in the plaintiff's favor. Wilson v. News-Press *440 Publ'g Co., 738 So.2d 1000, 1001 (Fla. 2d DCA 1999).
Miller claimed damages against the Nelmses based on theories of an oral contract and quantum meruit. We need not recite his allegations in detail. Suffice it to say that we have reviewed his complaint and determined that it meets the general rules for pleading in Florida Rule of Civil Procedure 1.110; that is, it sets forth a basis for jurisdiction, a recitation of facts showing Miller's entitlement to relief, and a demand for the relief to which Miller believes he is entitled. As such, the dismissal of his complaint for failure to state a cause of action was not warranted.
We turn to the circuit court's finding that the complaint was "vindictive" and "scandalous." It would appear from these statements that the court intended to strike Miller's second amended complaint as a sham pleading, Fla. R. Civ. P. 1.150, or possibly dismiss it as a sanction for fraud on the court, see Howard v. Risch, 959 So.2d 308, 310 (Fla. 2d DCA 2007).
A sham pleading is one that "is palpably or inherently false, and from the plain or conceded facts in the case, must have been known to the party interposing it to be untrue." McWhirter, Reeves, McGothlin, Davidson, Rief & Bakas, P.A. v. Weiss, 704 So.2d 214, 216 (Fla. 2d DCA 1998) (quoting Rhea v. Hackney, 117 Fla. 62, 157 So. 190, 193 (1934)). The Nelmses' motion asked the court to strike the complaint. But while the motion referenced rule 1.150, it contained no allegations that the second amended complaint was a sham pleading. As such, Miller had no notice of what facts might be presented to support this theory. Additionally, both the original motion to strike and the motion at issue were procedurally defective; neither was verified as required by Florida Rule of Civil Procedure 1.150(b). See Furst v. Blackman, 744 So.2d 1222, 1224 (Fla. 4th DCA 1999). Finally, the court heard no testimony on the motion. Rule 1.150(a) provides that "the court shall hear the motion, taking evidence of the respective parties." Like the Furst court, we reject any notion that, absent a stipulation of the parties, the circuit court could rule on a motion to strike a complaint as a sham by merely examining the complaint. See 744 So.2d at 1224. Instead, the court was required to hold a full evidentiary hearing and give both Miller and the Nelmses an opportunity to offer evidence on the issue of whether the complaint alleged a false cause of action. See id.
While a court has the inherent authority to dismiss an action where a fraud has been perpetrated, that is the most severe of sanctions and the court must "carefully adhere to established due process, adversarial practice, and evidentiary rules" when doing so. Tri Star Invs., Inc. v. Miele, 407 So.2d 292, 293 (Fla. 2d DCA 1981). If the circuit court's ruling was based on this ground, Miller was not given due process. None of the Nelmses' motions sought a dismissal based on fraud on the court, so again, Miller had no notice that such a theory could result in the dismissal of his complaint.
A fraud that warrants dismissal of a complaint arises when it is clearly and convincingly demonstrated "that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier of fact or unfairly hampering the presentation of the opposing party's claim or defense." Howard, 959 So.2d at 310-11 (quoting Aoude v. Mobil Oil Corp., 892 F.2d 1115, 1118 (1st Cir.1989)). Before dismissing a case as a fraud on the court, the court must have evidence to support the dismissal. Howard, *441 959 So.2d at 312 (noting that before a court may dismiss a case for fraud, it must have an evidentiary basis to do so). The court file contained Mr. Nelms's affidavit filed in support of the original motion to strike the first complaint as a sham. The affidavit merely stated that Miller's allegations in the original complaint were false, that the work alleged in the complaint had not been performed, and that Miller had provided him with conflicting documents concerning the ownership of the vehicle. Miller's verified second amended complaint was also of record. It recited that the Nelmses had filed criminal charges against him. But no testimony or other evidence was presented at the hearing resulting in the order on appeal. Neither of these pieces of evidence supports the court's finding that Miller's complaint was brought in "a vindictive nature" or was "scandalous." While the Nelmses' attorney argued vindictiveness, such argument is not evidence. See State v. Thompson, 852 So.2d 877, 878 (Fla. 2d DCA 2003).
At the hearing the Nelmses' counsel also pointed out differences between the original complaint and the second amended complaint concerning the attachments that set forth the amounts Miller claimed to be due. The court noted this disparity in its ruling. But, absent circumstances in which the processes of the court are being subverted, such inconsistencies are better managed through impeachment at trial or discovery sanctions. See Howard, 959 So.2d at 312.
We reverse the dismissal of Miller's second amended complaint and remand for further proceedings.
SILBERMAN and LaROSE, JJ., Concur.
NOTES
[1] Judge Downey conducted the hearings in this case and entered the order granting the Nelmses' motion. After the appeal was filed we determined that the order did not contain the requisite language of finality so we relinquished jurisdiction to the circuit court to enter a final order. Judge Baird entered the final order, incorporating Judge Downey's findings.
[2] The Nelmses filed two motions on the same date, the referenced motion to strike or dismiss, and a motion to dismiss. The motion to strike or dismiss had the later service date. The two motions were similar, except that the motion to strike or dismiss added the allegation that Miller failed to follow the court's suggestion that he obtain a lawyer. We assume that the court's ruling was based on the motion to strike or dismiss, although the result would not change if the parties were proceeding on the earlier-served motion to dismiss.
[3] At the hearing on the motion, the court specifically stated that the timeliness of Miller's second amended complaint was not an issue.