CASANUEVA, Judge.
Daisy Barcenas gave birth to Athany Reyes on May 25, 2005. At his birth, Athany appeared to have limited use of one of his arms, possibly a shoulder dysto-cia which may be caused by an injury to the brachial plexus nerve during birth. *588 Dr. Catherine Nguyen Roush was the attending obstetrician. Athany underwent several years of physical therapy but by February 13, 2009, it appeared that continued therapy would never completely resolve the problem. Ms. Barcenas at that time consulted a specialist who told her that surgery was a possibility to attempt to restore full use of his arm. She was also told at that time that Athany’s injury might have been caused by medical negligence. Based on this information, on February 7, 2011, she filed a lawsuit against Dr. Roush and her practice, The Woman’s Group (hereinafter Dr. Roush). In response, Dr. Roush contended that the suit was barred by the statute of limitations and filed two motions to dismiss the complaint. The trial court granted the motions and dismissed the suit. Ms. Barce-nas timely appealed the dismissal of the complaint. Because of the procedural posture of the case, we must reverse.
Procedural History
A few months after Athany’s birth in 2005, Ms. Barcenas contacted a law firm that specialized in representing plaintiffs in medical malpractice actions. This law firm then instituted the statutorily required presuit investigation process. After reviewing the obstetrical records, the law firm advised Ms. Barcenas that it appeared to them that Dr. Roush had not deviated from the prevailing standard of care in delivering Athany. No further legal proceedings were instituted until 2011.
When served with Ms. Barcenas’ complaint in 2011, Dr. Roush twice moved to dismiss. In her first motion, she argued that either the complaint or paragraph eleven of the complaint was an improper pleading and subject to dismissal for failure to state a cause of action. Paragraph eleven of the complaint alleged: “Plaintiff did not become aware or discover that a claim for malpractice arose until February 18, 2009.” Dr. Roush contended that this was an improper conclusion, one not supported by any ultimate fact, and, more importantly, an incorrect legal standard regarding the application of the statute of limitations.
Dr. Roush’s second motion for dismissal claimed that the complaint was a sham pleading. She attached documents to this second motion seeking to establish that Ms. Barcenas had consulted a medical malpractice firm in 2005 to start a presuit investigatory process. These documents established, she argued, that paragraph eleven’s claim that Ms. Barcenas did not discover her cause of action until 2009 did not comport with the fact that Ms. Barce-nas had started a presuit investigatory procedure in 2005, which fact showed that she suspected medical negligence shortly after Athany’s birth. Thus, Dr. Roush concluded, the complaint was a sham pleading because it sought to revive a medical malpractice claim precluded by the appropriate statute of limitations.
In her affidavit opposing the motion to dismiss, Ms. Barcenas declared that at Athany’s birth Dr. Roush told her that Athany’s arm injury would be fine and would go away in a few months; that she believed the doctor; that at the time of Athany’s birth she did not know what a brachial plexus injury was; that for the first time in February 2009, following an MRI, she learned that the injury to Atha-ny could be caused by medical malpractice; and that at that point she contacted an attorney. At the time of the MRI, Athany was not quite four years old.
Issues on Appeal
Ms. Barcenas presents three issues for our review. First, she claims that the trial court erred in dismissing the complaint because Athany had not yet reached his eighth birthday, citing section 95.11(4)(b), *589 Florida Statutes (2011).[1] We decline to address this issue because it was not the basis for dismissal.[2] In her second issue, she claims that the dismissal was error because the trial court relied on facts outside the four corners of the complaint.[3] Third, she claims the trial court erred in concluding the complaint was a sham pleading without the benefit of an eviden-tiary hearing. Our discussion of these last two issues can be combined.
Standard of Review
Because whether to dismiss a complaint is a pure question of law, we give no deference to the trial court’s findings. “This court reviews an order granting a motion to dismiss de novo.” Swope Rodante, P.A. v. Harmon, 85 So.3d 508, 509 (Fla. 2d DCA 2012).
“A motion to dismiss tests the legal sufficiency of a complaint to state a cause of action and is not intended to determine issues of ultimate fact.” Roberts v. Children's Med. Servs., 751 So.2d 672, 673 (Fla. 2d DCA 2000). And, on a motion to dismiss, “ ‘the trial court is limited to consideration of the allegations contained within the four corners of the complaint.’ ” Swope Rodante, 85 So.3d at 509 (quoting Al-Hakim v. Holder, 787 So.2d 939, 941 (Fla. 2d DCA 2001)).
Discussion
We focus, as did Dr. Roush’s motions to dismiss, on paragraph eleven of the complaint. Paragraph eleven stated that the plaintiff did not become aware or discover until February 13, 2009, that she had a claim for medical malpractice. Dr. Roush first contended that paragraph eleven did not plead an ultimate fact as required but was instead an impermissible legal conclusion and thus failed to state a cause of action. And, based on the knowledge that Ms. Barcenas had consulted with a medical malpractice plaintiffs’ law firm shortly after Athany’s birth in 2005, Dr. Roush next contended that paragraph eleven evidenced that the 2011 complaint was a sham because the statute of limitations had run.
We turn first to the dismissal based on the grant of Dr. Roush’s motion to dismiss for failure to state a cause of action. Because the trial court on a motion to dismiss was not allowed to determine the veracity of paragraph eleven, it was restricted to consider whether paragraph eleven was properly pleaded. See Roberts, 751 So.2d at 673. But the trial court’s order of dismissal does not contain its reasoning on this point; it merely states that the motion was granted. Had the trial court concluded that paragraph eleven did constitute an improper pleading *590 because of the absence of ultimate facts— and because this was the first complaint filed — the trial court ought to have dismissed the complaint without prejudice or with leave to amend. See Moore v. Liberty Mut. Ins. Co., 988 So.2d 1285 (Fla. 2d DCA 2008); see also Laurencio v. Deutsche Bank Nat’l Trust Co., 65 So.3d 1190 (Fla. 2d DCA 2011). Ultimately, it may be established that amendment will be futile. But at this stage of the proceeding, public policy favors the liberal amendment of pleadings. See Laurencio, 65 So.3d at 1193. However, our reversal is not based solely on the trial court’s failure to grant leave to amend the complaint.
We further determine that the trial court erred in finding that the complaint was a sham pleading as Dr. Roush’s second motion to dismiss claimed, citing Florida Rule of Civil Procedure 1.150. Rule 1.150 permits a trial court to strike a party’s sham pleading and provides:
(a) Motion to Strike. If a party deems any pleading or part thereof filed by another party to be a sham, that party may move to strike the pleading or part thereof before the cause is set for trial and the court shall hear the motion, taking evidence of the respective parties, and if the motion is sustained, the pleading to which the motion is directed shall be stricken. Default and summary judgment on the merits may be entered in the discretion of the court or the court may permit additional pleading to be filed for good cause shown.
Under this rule, a trial court may dismiss a complaint when it is shown to be “good on its face but is false in fact[.]” Rhea v. Hackney, 117 Fla. 62, 157 So. 190, 194 (1934).
But a pleading cannot be stricken out as sham unless the falsity thereof clearly and indisputably appears. As otherwise expressed, to warrant the rejection of a pleading as sham, it must evidently be a mere pretense set up in bad faith and without color of fact. The rule cannot be applied to any case except where the defense is shown to be a plain fiction. And when a defendant, in defending against a plaintiffs motion to strike out his defense as sham, supports it by a special affidavit stating specifically the grounds of it, he cannot, as a general rule, be deprived of the benefit of a trial of his plea in the usual mode, as a case for striking out does not exist merely because the court may perceive but little prospect of the success of the alleged sham pleading.
Id. at 193-94. On the present record, we are unable to conclude that the complaint is, in the words of our supreme court, a “mere pretense set up in bad faith and without color of fact,” and thus “plain fiction.” See id.
As rule 1.150 directs, the trial court did hold a hearing on Dr. Roush’s motions to dismiss, but there was insufficient evidence submitted at that hearing to sustain a conclusion that either the complaint or just paragraph eleven was a sham pursuant to Rhea. Rule 1.150(a) states that the trial court shall take “evidence of the respective parties.” See Miller v. Nelms, 966 So.2d 437, 440 (Fla. 2d DCA 2007) (“rejecting] any notion that, absent a stipulation of the parties, the circuit court could rule on a motion to strike a complaint as a sham by merely examining the complaint” (citing Furst v. Blackman, 744 So.2d 1222, 1224 (Fla. 4th DCA 1999))). At the hearing on Dr. Roush’s motions to dismiss, the trial court heard argument of counsel and reviewed Ms. Barcenas’ affidavit that was filed in opposition to the motions to dismiss, but it neither heard testimony nor admitted evidence. As we stated in Miller, a full evi- *591 dentiary hearing is required so as to give both sides “an opportunity to offer evidence on the issue of whether the complaint alleged a false cause of action.” Id. at 440. Argument of counsel at the hearing, reciting the procedural history of this case as we have outlined it above, suggests that Ms. Barcenas knew within months of Athany’s birth that there was a reasonable possibility that negligence had occurred. Indeed, the trial court’s order of dismissal relied on that argument by referring to Ms. Barcenas’ knowledge of the reasonable possibility that medical negligence had occurred, citing Tanner v. Hartog, 618 So.2d 177 (Fla.1993).[4] But argument of counsel is insufficient to constitute a full evidentiary hearing. Sperdute v. Household Realty Corp. 585 So.2d 1168, 1169 (Fla. 4th DCA 1991) (“[A]n evidentiary hearing involves taking evidence. Neither the submission of affidavits nor argument of counsel is sufficient to constitute an evidentiary hearing.”).
The effect of the trial court’s granting of Dr. Roush’s motions to dismiss and dismissal of the complaint was to rule that the suit was barred by the statute of limitations. To conclude that a suit is barred by the statute of limitations is both a factual and legal determination. Lacking a full factual development in the record before the trial court, this “short circuit” disposition was error.[5]
Therefore, we reverse the order of dismissal and remand with instructions to reinstate the complaint and for further proceedings consistent with this opinion. Because the issues raised by Dr. Roush’s motions to dismiss were not fully and factually addressed, another hearing on her motions will be in order.
Reversed and remanded.
NORTHCUTT, J., Concurs.
ALTENBERND, J., Concurs with opinion.

.The relevant portion of section 95.11(4)(b) provides:
An action for medical malpractice shall be commenced within 2 years from the time the incident giving rise to the action occurred or within 2 years from the time the incident is discovered, or should have been discovered with the exercise of due diligence; however, in no event shall the action be commenced later than 4 years from the date of the incident or occurrence out of which the cause of action accrued, except that this 4-year period shall not bar an action brought on behalf of a minor on or before the child's eighth birthday.

. However, we recommend to the trial court that should this issue arise again on remand, it consider Germ v. St Luke's Hospital Ass’n, 993 So.2d 576 (Fla. 1st DCA 2008) (affirming summary judgment on statute of limitations grounds in the face of the plaintiffs’ argument that their suit was not barred by the statute of repose because the minor plaintiff was not yet eight years old).

. We reject Dr. Roush's argument that Ms. Barcenas invited this error by proffering sworn affidavits at the hearing on the motions to dismiss.

. Tanner, 618 So.2d 177, is the seminal case for issues of knowing when an action for negligence has accrued so as to start the running of the statute of limitations. It held:
that the knowledge of the injury as referred to in the rule as triggering the statute of limitations means not only knowledge of the injury but also knowledge that there is a reasonable possibility that the injury was caused by medical malpractice. The nature of the injury, standing alone, may be such that it communicates the possibility of medical negligence, in which event the statute of limitations will immediately begin to run upon discovery of the injury itself. On the other hand, if the injury is such that it is likely to have occurred from natural causes, the statute will not begin to run until such time as there is reason to believe that medical malpractice may possibly have occurred.
Id. at 181-82 (footnote omitted).

. We are mindful of the busy dockets of trial courts in Hillsborough County, but we are concerned that the procedure the trial court used here was an improper substitute for summary judgment. "There is a clear distinction between a motion to dismiss and a motion for summary judgment. A motion to dismiss may not act as a substitute for summary judgment.” Roberts, 751 So.2d at 673; see also Bilbrey v. Myers, 91 So.3d 887, 890 (Fla. 5th DCA 2012) (holding that the "purpose of a motion to dismiss is to test the legal sufficiency of a complaint, not determine factual issues ... [and that ‘ujnlike a motion for summary judgment, the trial court may not rely on facts adduced in depositions, affidavits, or other proofs' ”) (citations omitted). But see Mancher v. Seminole Tribe of Fla., Inc., 708 So.2d 327, 328 (Fla. 4th DCA 1998) (discussing some of the limited circumstances where consideration of affidavits attached to a motion to dismiss is proper, such as determination of subject matter and personal jurisdiction, venue, sufficiency of service of process, or forum non conveniens).