DAVIS, Judge.
Lamar Maynard challenges the trial court’s final judgment entered in favor of Taco Bell of America, Inc., and Daniel Peterson, a former employee of Taco Bell. Maynard’s civil complaint contained five counts against Taco Bell and five counts *1160 against Peterson individually. In his first count, which was brought against Taco Bell, Maynard alleged a violation of the Florida Civil Rights Act. The trial court dismissed this count for Maynard’s failure to timely meet a required condition precedent before filing suit. The trial court also entered summary judgment in favor of Taco Bell and Peterson on the remaining nine counts. Because Maynard sufficiently alleged in his complaint that he met the condition precedent to filing his lawsuit by filing his claim with the Florida Commission on Human Relations (FCHR), we reverse the trial court’s dismissal of count one. We affirm as to the remaining nine counts without further discussion.
Maynard is a young African-American male. On April 15, 2007, he and another African-American male drove Maynard’s vehicle up to the drive-thru lane of a Taco Bell and placed an order. After driving forward to the pick-up window, Maynard attempted to order his friend a soft drink that was not included in his original order. Peterson, the employee working at the pick-up window, refused to accept the additional order and made remarks that Maynard interpreted as racially motivated and demeaning. In response, Maynard turned off his car’s engine and refused to pull his car out of the drive-thru lane, blocking traffic and preventing Taco Bell from doing drive-thru business for about twenty minutes.
Inside the restaurant, Peterson pressed a silent alarm button that automatically alerted local police officials, who then responded to the scene.[1] Maynard found himself surrounded by Tampa Police officers approaching his car with weapons drawn. He attempted to get out of his car, striking his knee on the steering wheel in the process. He immediately was seized by the police officers and frisked for weapons. During the pat down, Maynard’s elbow struck the car. The search of Maynard’s person and his car disclosed no weapons or other contraband, and neither he nor his passenger was arrested.
Pursuant to section 760.11, Florida Statutes (2005), Maynard had 365 days — or until April 14, 2008 — to file a complaint with FCHR. He filed an initial FCHR questionnaire form on April 8, 2008, and a formal complaint with FCHR on April 24, 2008. According to the agency record, which is included in the record on appeal, FCHR determined that the complaint was timely filed by relying on its relation back policy to deem the complaint filed as of the April 8, 2008, filing of the original questionnaire. FCHR then processed Maynard’s claim pursuant to the statute, and on January 13, 2009, issued its standard notice of dismissal acknowledging that the complainant had voluntarily withdrawn his complaint in favor of filing suit in the state court of competent jurisdiction.
Once Maynard opted to withdraw his FCHR complaint and file a complaint in the circuit court, Taco Bell moved to dismiss count one as having failed to meet the requisite condition precedent. Taco Bell maintained that the April 24 filing of the formal administrative complaint was untimely under the requirements of section 760.11 and that the date of filing should not relate back to Maynard’s April 8 questionnaire form because that form specifically stated that it was not a complaint. The trial court agreed with Taco Bell and dismissed count one with prejudice. This was error.
A motion to dismiss tests the legal sufficiency of a complaint to state a cause of action and is not intended to determine issues of ultimate fact. And on. a motion *1161 to dismiss the trial court is limited to consideration of the allegations contained within the four corners of the complaint.
Reyes ex rel. Barcenas v. Roush, 99 So.3d 586, 589 (Fla. 2d DCA 2012) (citations omitted) (internal quotation marks omitted). A cause of action based on a violation of the Florida Civil Rights Act is a statutorily created cause of action. Taco Bell is correct that by the terms of the statute, the presuit filing of the complaint with FCHR for investigation is a condition precedent that must be pleaded when filing the civil action. See Martinez v. Abraham Chevrolet-Tampa, Inc., 891 So.2d 579, 581 (Fla. 2d DCA 2004) (“We conclude that the administrative process is more accurately described as a condition precedent to the age discrimination lawsuit.”). But the determination of whether such a complaint is timely filed rests with FCHR. Accordingly, as long as Maynard sufficiently alleged timely compliance with the requisite condition precedent, it is not part of the trial court’s consideration to reweigh that timeliness determination on a motion to dismiss. See Reyes, 99 So.3d at 589 (“Because the trial court on a motion to dismiss [is] not allowed to determine the veracity of [an allegation in the complaint], it [is] restricted to considering] whether [the allegation is] properly pleaded.”).
Section 760.11(1) provides that when a complaint is filed with the FCHR within 365 days of an alleged violation, FCHR will notify the person who allegedly committed the violation and that person may file an answer within twenty-five days. Section 760.11(3) provides that FCHR has 180 days from the date the complaint is filed to investigate and determine if there is probable cause to believe that a violation has occurred. If FCHR fails to make such a determination within 180 days, the aggrieved person may proceed as though FCHR made such a finding by filing a lawsuit or requesting an administrative hearing. § 760.11(8).
Here, in the civil complaint he filed in the circuit court, Maynard alleged that he received on January 13, 2009, notice from FCHR indicating that 180 days had elapsed after the filing of the complaint without FCHR making a probable cause determination. Once this time elapsed, Maynard elected to dismiss the complaint filed with FCHR, thereby enabling him to file the civil complaint.
Based on section 760.11 and the record before us, FCHR’s January 13, 2009, notice of dismissal demonstrated FCHR’s satisfaction with Maynard’s timely filing of the initial administrative complaint. This necessarily indicates compliance with the required condition precedent under section 760.11, and Maynard sufficiently pleaded this compliance in his complaint. It was therefore error for the trial court to go behind Maynard’s pleadings to reweigh the administrative agency’s treatment of the initial complaint as timely.
With the civil complaint sufficiently alleging compliance with the statutorily required condition precedent and supporting that allegation by attachment, the trial court erred in dismissing the complaint for failure to comply with the condition precedent. Accordingly, we reverse the trial court’s dismissal of count one and remand for further proceedings as to that count only.
Affirmed in part, reversed in part, and remanded.
SILBERMAN, C.J., and NORTHCUTT, J., Concur.

. It is not clear from the record how much information was conveyed to the police at this time, but the officers who responded appar *1161 ently were under the impression that a robbery was in progress.