NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

EDDIE GALLON, )
)
        Appellant, )
)
v. )    Case No. 2D13-2853
)
GEICO GENERAL INSURANCE )
COMPANY; and JOHN OR JANE DOE, )
Agent Individually, )
)
        Appellees. )
_____)

Opinion filed September 12, 2014.

Appeal from the Circuit Court for Polk
County; Steven L. Selph, Judge.

Sanga Turnbull of Smith & Stallworth, P.A.,
Lakeland, for Appellant.

Jennings L. Hurt III and Meredith M.
Stephens of Rissman, Barrett, Hurt,
Donahue & McLane, P.A., Orlando, for
Appellees.


VILLANTI, Judge.

        Eddie Gallon seeks review of the order that dismissed his fourth amended

multi-count complaint against GEICO General Insurance Company with prejudice. We

affirm the dismissal of Gallon's counts for promissory estoppel and negligent

procurement without further comment.  However, we reverse the dismissal of Gallon's count for negligent misrepresentation and remand for further proceedings.

Gallon was the back seat passenger in his mother's car when she was involved in a single-car accident.  Gallon was ejected from the vehicle and severely injured.  Gallon's mother, Natalie Gallon, carried automobile insurance on the car with GEICO, including uninsured motorist (UM) coverage, and Gallon made a claim for UM benefits.  However, a dispute arose as to the amount of UM benefits available to Gallon.  GEICO contended that Gallon was limited to $50,000 in UM benefits, even though there were two vehicles on the policy and the policy indicated that UM coverage was "stacked," because Mrs. Gallon had purchased UM coverage on only one vehicle.  Gallon contended that because the policy provided stacked UM coverage and because there were two vehicles covered by the policy, he should be entitled to $100,000 in UM benefits.  When GEICO refused to agree to this amount of coverage, Gallon sued.

In his fourth amended complaint, Gallon asserted a claim for negligent misrepresentation.  To state a claim for negligent misrepresentation, the plaintiff must allege—and ultimately be able to prove—that "(1) there was a misrepresentation of material fact; (2) the representer either knew of the misrepresentation, made the misrepresentation without knowledge of its truth or falsity, or should have known the representation was false; (3) the representer intended to induce another to act on the misrepresentation; and (4) injury resulted to a party acting in justifiable reliance upon the misrepresentation." Baggett v. Electricians Local 915 Credit Union, 620 So. 2d 784, 786 (Fla. 2d DCA 1993) (citing Atl. Nat'l Bank of Fla. v. Vest, 480 So. 2d 1328, 1331 (Fla. 2d DCA 1985)).  At the motion to dismiss stage, the court is limited to determining

whether the complaint on its face contains allegations that are legally sufficient to state a cause of action. See, e.g., Maynard v. Taco Bell of Am., Inc., 117 So. 3d 1159, 1160-61 (Fla. 2d DCA 2013) (quoting Reyes ex rel. Barcenas v. Roush, 99 So. 3d 586, 589 (Fla. 2d DCA 2012)). Notably, the court may consider only the legal sufficiency of the allegations and may not determine questions of fact or consider issues of proof or credibility. See Reyes ex rel. Barcenas, 99 So. 3d at 589 (noting that the trial court may not determine the veracity of a plaintiff's allegations when considering a motion to dismiss).

In his count for negligent misrepresentation, Gallon alleged that there was a time when Mrs. Gallon's coverage with GEICO had lapsed. When GEICO reissued the policy, the premium was significantly higher. Mrs. Gallon's review of the declarations page showed that GEICO had reissued the policy with stacked UM coverage. Unsure of what that coverage was, Mrs. Gallon claimed she called GEICO and spoke to one of GEICO's agents. Gallon alleged in his complaint that the purpose of the call was so that Mrs. Gallon "could make a decision on whether to continue paying for the coverage or decline it." GEICO's agent told Mrs. Gallon that paying for the stacked UM coverage would mean that "in the event either of her sons were injured . . . GEICO would pay double the stated amount of $50,000/$100,000 on the policy because she had two vehicles insured on the policy." Gallon alleged that based on this explanation of the coverage, Mrs. Gallon "kept the stacked uninsured motorist coverage and continued paying the listed premium for it." However, despite this reliance and Mrs. Gallon's payment of the premiums, GEICO denied him the benefits of the stacked UM coverage for which his mother had paid.

- 3 -

A comparison of Gallon's allegations to the elements of a negligent misrepresentation claim shows that Gallon's allegations were legally sufficient. He sufficiently alleged that GEICO's agent made a false statement about the extent of Mrs. Gallon's UM coverage, that GEICO's agent knew or should have known that the statement was false, that the statement was made to induce Mrs. Gallon to keep the coverage and pay the higher premium, and that she was now injured due to her reliance on that misrepresentation. Thus, because these allegations are facially and legally sufficient to state a cause of action, the trial court erred in granting GEICO's motion to dismiss this count.

In this appeal, as it did in the trial court, GEICO argues that this count was properly dismissed because Mrs. Gallon was not entitled to rely on the representations of GEICO's agent as to the scope of her coverage when those representations conflicted with the plain language of the insurance policy. However, "[t]he terms of an insurance policy do not preclude an action against the insurer or its agent where the agent misrepresents the coverage of the insurance contract and the insured reasonably relies on the misrepresentation to his detriment." Martin v. Principal Mut. Life Ins. Co., 557 So. 2d 128, 129 (Fla. 3d DCA 1990); see also Warren v. Dairyland Ins. Co., 662 So. 2d 1387, 1388 (Fla. 4th DCA 1995) (noting that if Dairyland's agent "had improperly explained uninsured motorist coverage to plaintiffs, Dairyland could be liable for uninsured motorist coverage equal to the liability limits"). Moreover, whether an insured's reliance on an agent's representations is reasonable is generally a question of fact. See, e.g., Romo v. Amedex Ins. Co., 930 So. 2d 643, 652 (Fla. 3d DCA 2006). Hence, the question of whether Mrs. Gallon's reliance on GEICO's agent's explanation

of her stacked UM coverage was reasonable was not one that could be decided at the motion to dismiss stage of these proceeding and so cannot serve as a basis to support an affirmance.

In sum, because the allegations of Gallon's complaint were facially sufficient to state a cause of action for negligent misrepresentation, the trial court erred by dismissing this count of the complaint. Accordingly, we must reverse and remand for further proceedings. The dismissal of the remaining counts is affirmed.

Affirmed in part, reversed in part, and remanded for further proceedings.


NORTHCUTT, J., Concurs.
ALTENBERND, J., Concurs with opinion.




ALTENBERND, Judge, Concurring.

I fully concur in this opinion. I am inclined to believe that claims of negligent misrepresentation in this context should be rare. I write briefly to explain the unusual circumstances that appear to have led to this claim.

Ms. Gallon's policy of insurance with GEICO, which was issued in 2008, covers two automobiles. On one automobile—a 1999 Chrysler that apparently is the family car—Ms. Gallon purchased standard personal injury protection coverage. She also purchased $50,000/$100,000 in bodily injury liability coverage and an equal amount of UM coverage on that automobile. That automobile also has $50,000 in

coverage for property damage liability, collision coverage, and comprehensive coverage.

On the second automobile—a 1990 Toyota that apparently is a teenager's car—she has only the minimum requirements under the Florida Motor Vehicle No-Fault Law. See § 627.730-.7405, Fla. Stat. (2008). Thus, this automobile is not insured for liability coverage or UM. There is no indication in our limited record that GEICO obtained a written rejection of UM coverage for this automobile. Because the policy was issued with no liability coverage for this automobile, GEICO may not have required its agent to obtain a rejection form.

When GEICO created the written policy for these two automobiles, the standard language for stacked UM coverage was used on the declaration page—even though no premium was charged for UM on the Toyota. The standard contractual forms accompanying the declaration page appear to be the forms that normally would be used when the policy covered two automobiles, both of which had UM coverage.

It may be that GEICO has some standard underwriting procedure by which it "stacks" the $50,000/$100,000 UM on the first automobile with $0 on the second, so that each car has $50,000/$100,000 in UM for the premium charged on only the one automobile. If so, that is simply a very odd form of stacked coverage.[1]

The claim in this case is that Ms. Gallon was told by a GEICO agent that her stacked policy would have twice the limits of UM. In the context of this particular policy, it is entirely possible that an agent would have interpreted the stacked coverage

---

[1]Whether such a combination coverage is authorized with or without a rejection form in Florida is not an issue in this case.

- 6 -

to provide twice the amount of UM coverage because that is the situation under the usual policy where both cars have the same limit of UM coverage for both vehicles.

Ms. Gallon, of course, was contacting GEICO because she thought her premium was too high. The alleged misinformation from the agent caused her to leave her policy as it was. Apparently, if she had received correct information, in order to actually receive typical stacked coverage, she would have been required to pay an even higher premium. Thus, on remand, she may have a difficult time establishing all of the elements that she has alleged in her complaint. See Fla. Std. Jury Instr. (Civ.) 409.8. But at this stage in the proceedings the case was not resolvable on a motion to dismiss.