IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

KC QUALITY CARE, LLC
A/A/O ESTEL JEAN-BAPTISTE,

      Appellant,

v.

DIRECT GENERAL INSURANCE
COMPANY,

      Appellee.

_____/

Case No. 5D21-1578
LT Case No. 2020-SC-058727-O

Opinion filed July 29, 2022

Appeal from the County Court
for Orange County,
Elizabeth Starr, Judge.

Chad A. Barr, of Chad Barr Law,
Altamonte Springs, for Appellant.

William J. McFarlane, III, and Michael
K. Mittelmark, of McFarlane Law,
Coral Springs, for Appellee.


HARRIS, J.

KC Quality Care, LLC a/a/o Estel Jean-Baptiste ("KC Quality"), appeals the trial court's order granting Direct General Insurance Company's ("Direct General") amended motion to dismiss the complaint. KC Quality argues in part that the court improperly went beyond the four corners of the complaint by considering extrinsic matters attached to Direct General's amended motion to dismiss, which were not incorporated, referenced, or contemplated by the allegations of the complaint. We agree and reverse.

Direct General issued a personal injury protection (PIP) policy to the insured. The insured was subsequently involved in an automobile accident, after which she assigned her benefits to KC Quality. KC Quality filed the instant action against Direct General for breach of contract. In its motion to dismiss the complaint, Direct General alleged that it had received in a separate lawsuit a declaratory judgment against the insured that declared the policy void ab initio. Therefore, Direct General argued, the breach of contract action was moot as there were no benefits available for the insured to assign. It attached the declaratory judgment to its motion to dismiss. Relying upon the declaratory judgment, the trial court found that because the policy was not in effect on the date of the automobile accident, KC Quality's complaint failed to state a cause of action for breach of contract. This was error.

When considering a motion to dismiss, a trial court is confined to the allegations contained within the four corners of the complaint and must accept all allegations in the complaint as true. Cintron v. Osmose Wood Preserving, Inc., 681 So. 2d 859, 860–61 (Fla. 5th DCA 1996). The court may not rely on any documents that are not attached to or incorporated by the complaint. See Hewett-Kier Constr., Inc. v. Lemuel Ramos & Assocs., Inc., 775 So. 2d 373, 375–76 (Fla. 4th DCA 2000). The court may only determine whether the complaint on its face contains allegations that are legally sufficient to state a cause of action. Gallon v. Geico Gen. Ins. Co., 150 So. 3d 252, 254 (Fla. 2d DCA 2014).

The trial court found that KC Quality failed to state a cause of action based solely on the declaratory judgment, which was not attached to or contemplated by the complaint. The complaint alleged that the policy was in full force and effect on the date of the accident. Notably, the court did not find, nor does Direct General argue, that the complaint was insufficient on its face notwithstanding the declaratory judgment. In fact, Direct General concedes that the allegations of the complaint sufficiently stated a cause of action for breach of contract. The allegations became insufficient, according to Direct General, once the court was made aware of the declaratory judgment. Direct General provided no legal support for its position, one which would allow the

3

trial court to do precisely what the rules forbid—going outside the four corners of the complaint when ruling on a motion to dismiss.

Because the trial court erroneously considered information that did not appear within the four corners of the complaint when granting Direct General's motion to dismiss, we reverse and remand for further proceedings.

REVERSED and REMANDED.

WALLIS and SASSO, JJ., concur.

4